IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-60880
Summary Calendar

BALJEET SINGH SUDAN,

Petitioner,

v.

PETER D. KEISLER,
Acting U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A74 594 566

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Baljeet Sudan, a native and citizen of India, seeks review of the denial by
the Board of Immigration Appeals ("BIA") of his motion for reconsideration.
Generally, this court has jurisdiction to review the BIA's denial of motions to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

reconsider even though they are discretionary decisions. See Zhao v. Gonzales, 404 F.3d 295, 302-03 (5th Cir. 2005). The government correctly asserts, however, that this court lacks jurisdiction over Sudan's arguments challenging the original BIA order affirming the IJ's decision, except to the extent that they also challenge the BIA's denial of the motion for reconsideration. See Stone v. INS, 514 U.S. 386, 394, 405-06 (1995) (citing 8 U.S.C. § 1105a(a)(6) (1988 Supp. V) (recodified at 8 U.S.C. § 1252(b)(6))). Accordingly, we have no jurisdiction over Sudan's arguments that concerns for efficiency and uniformity require this court to remand to the BIA. See id.; see also 8 U.S.C. § 1252(d)(1).

Sudan argues that his order of deferred adjudication for misdemeanor assault of a family member does not qualify as a "crime of violence" and that he is therefore eligible for cancellation of removal. Because he failed to raise the issue in his removal proceedings and motion to reconsider, and because failure to exhaust an issue creates a "jurisdictional bar," Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001), we lack jurisdiction over this claim. § 1252(d)(1).

Sudan contends that the BIA erred because he satisfies the four conditions set forth in § 1245.2(a)(1)(ii), making his application for adjustment of status amenable to the IJ's jurisdiction. The government argues that the use of the definite article "the" in § 1245.2(a)(1)(ii)(A)-(D) means that, although the IJ would have had jurisdiction over the adjustment application that Sudan filed before leaving for India and that was based on his wife's relative visa petition, the new adjustment application he has filed based on a labor certification is not amenable to the IJ's jurisdiction. Under a plain reading of the regulation, the government's argument is unassailable; the adjustment application that Sudan wants an IJ to adjudicate is not "the previously filed application" that was based on Sudan's wife's relative visa petition. § 1245.2(a)(1)(ii)(B) (emphasis added); see S.D. ex rel. Dickson v. Hood, 391 F.3d 581, 595 (5th Cir. 2004) ("We have consistently held that a regulation should be construed to give effect to the natural and plain meaning of its words.").

Sudan also avers that the "new regulation must be interpreted to cover new adjustment applications filed by the advance parolee," because the new rule, unlike the prior version of § 1245.2(a)(1), does not specify that an application filed by a paroled alien may be "renewed." The section in which the word "renewed" formerly appeared has been completely rewritten, however, and the use of the definite article in the new rule demonstrates that only the previously-filed application is amenable to the IJ's jurisdiction. See § 1245.2(a)(1) (2007).

Next, Sudan argues that the BIA should have remanded to allow the IJ to consider granting a continuance pending the resolution of Sudan's new adjustment application before the United States Citizenship and Immigration Services ("USCIS"). Here, as in the proceedings below, Sudan cites no law in support of this argument. Cf. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."). Given that failure to present any basis for the BIA to remand to the IJ, the BIA's refusal to remand cannot be considered an abuse of discretion. See Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006); see also § 1003.2(b)(1).

Sudan argues that the new rule violates § 245(a) of the INA, 8 U.S.C. § 1255(a). The government correctly notes that Sudan has never provided any evidence that his application for a labor certificate has been approved. Thus, there is no evidence in the record that "an immigrant visa is immediately available to him." § 1255(a). Accordingly, Sudan's claim that the BIA abused its discretion in its interpretation and application of the new rule by effectively denying him statutory eligibility to adjust his status before an IJ is without merit, because there is no record evidence that he is statutorily eligible in the first place. See Singh, 436 F.3d at 487.

The petition for review of the denial of the motion to reconsider is DISMISSED in part for lack of jurisdiction and DENIED in part.