United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 05-60159
(Summary Calendar)

——————————————

ONKAR SINGH,

Petitioner,

versus

ALBERTO R. GONZALES, UNITED STATES ATTORNEY GENERAL,

Respondent.

---------------------------
Petitions for Review of Orders of the
Board of Immigration Appeals
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

WIENER, Circuit Judge:

In these consolidated cases, Petitioner Onkar Singh petitions for review of two decisions of the Board of Immigration Appeals ("the Board"): (1) the Board's denial of Singh's motion to reopen his removal proceedings because of that motion's untimeliness; and (2) the Board's later denial of Singh's motion to reconsider its initial denial of his untimely motion to reopen. As we conclude that the Board did not abuse its discretion in rejecting Singh's two motions, we deny Singh's petitions for review.

## I. FACTS AND PROCEEDINGS

Singh, a citizen of India, entered the United States without inspection on May 13, 2000. That same day, the Immigration and Naturalization Service ("INS") served Singh with a Notice to Appear, charging him with being removable under § 212(a)(6)(A)(i) of the Immigration and Naturalization Act ("INA") as "[a]n alien present in the United States without being admitted or paroled, or who arrive[d] in the United States at any time or place other than as designated by the Attorney General."[1] Singh and his counsel appeared before the Immigration Judge ("IJ") in Dallas, Texas, for an initial hearing on August 15, 2000. At that hearing, Singh admitted the factual allegations contained in the Notice to Appear, admitted his removability as a matter of law, and stated his intention to seek asylum and withholding of removal. The IJ scheduled Singh's removal hearing for November 20, 2000. Singh failed to appear at the November 20th hearing, so in absentia the IJ ordered Singh's removal.

On January 21, 2001, Singh timely filed a motion with the IJ to reopen his removal proceedings and have the in absentia removal order rescinded. The IJ denied his motion, and Singh appealed to the Board. On November 21, 2001, the Board dismissed Singh's appeal, upholding the IJ's denial of Singh's motion to reopen.

---

[1] 8 U.S.C. § 1182(a)(6)(A)(i).

Nothing transpired in this matter for almost three years, when, on November 16 of <u>2004</u>, Singh filed a "Motion to Vacate In Absentia Order and Reopen Proceedings." The Board denied this motion as untimely on February 4, 2005. It reasoned that under its regulations,[2] "a motion to reopen in any case previously the subject of a final decision by the Board must be filed no later than 90 days after the date of the decision." Singh then petitioned this court for review of the Board's denial of his motion to reopen.[3]

After petitioning us for review, Singh returned to the Board on March 4, 2005, with a motion for it to reconsider its denial of his motion to reopen. Singh contended that his 2004 motion to reopen was not subject to the general 90-day time limit of 8 U.S.C. § 1229a(c)(6)(C)(i) and 8 C.F.R. § 1003.2(c)(2). Rather, according to Singh, 8 C.F.R. § 1003.23(b)(4)(ii) and 8 U.S.C. § 1229a(b)(5)(C) governed the timeliness of his motion to reopen.[4] Yet again, the Board rejected Singh's argument and denied his motion to reconsider. The Board reasoned that, as to the motion to reopen and rescind a removal order entered <u>in absentia</u> authorized by 8 U.S.C. § 1229a(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii), an

_____

[2] <u>See</u> 8 C.F.R. § 1003.2(c)(2).

[3] That petition is the subject of case number 05-60159.

[4] As we explain more fully below, these provisions establish more generous time limits in which aliens may file motions to reopen and rescind removal orders that were entered <u>in absentia</u>.

3

alien may file only <u>with the IJ</u>.  The Board thus construed Singh's 2004 motion to reopen <u>not</u> as a motion to reopen and rescind the <u>in absentia</u> removal order entered against Singh by the IJ in 2001, but as a motion to reopen <u>the Board's dismissal of Singh's appeal</u> from the IJ's denial of Singh's January 21, 2001, motion to reopen and rescind the <u>in absentia</u> removal order.  Such a motion to reopen is subject to the 90-day time limit contained in 8 U.S.C. § 1229a(c)(6)(C)(I) and 8 C.F.R. § 1003.2(c)(2).  Accordingly, the Board denied Singh's motion to reconsider.  Singh then filed a second petition for review with this court.[5]

## II. ANALYSIS

### A.    Standard of Review

We review the Board's denial of both a motion to reopen and a motion for reconsideration "under a highly deferential abuse-of-discretion standard."[6]  "[S]o long as [the Board's decision] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach," we must affirm the Board's decision.[7]  Our review of the Board's legal

---

[5] Singh's second petition for review is the subject of consolidated case number 05-60345.

[6] <u>Zhao v. Gonzales</u>, 404 F.3d 295, 301 (5th Cir. 2005); <u>see</u> 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section.").

[7] <u>Zhao</u>, 404 F.3d at 304.

4

conclusions is less obsequious, though: We review legal conclusions de novo unless a conclusion embodies the Board's interpretation of an ambiguous provision of a statute that it administers[8]; a conclusion of the latter type is entitled to the deference prescribed by Chevron U.S.A. Inc. v. Natural Resources Defense Council.[9]  Similar deference is owed to the Board's interpretations of its own regulations.[10]

## B.    Discussion

### 1.    Motions to Reopen Distinguished From Motions to Reconsider Removal Decisions

The INA affords an alien who has been adjudicated to be removable with the statutory right to file two different types of motions aimed at having an adverse decision overturned: (1) a motion to reopen his proceedings,[11] and (2) a motion to reconsider the removal decision.[12]  Substantively, a motion to reopen a removal

---

[8] Ruiz-Romero v. Reno, 205 F.3d 837, 838 (5th Cir. 2000).

[9] 467 U.S. 837 (1984).

[10] Navarro-Miranda v. Ashcroft, 330 F.3d 672, 675 (5th Cir. 2003) ("Courts grant an agency's interpretation of its own regulations considerable legal leeway.") (internal quotation marks omitted).

[11] 8 U.S.C. § 1229a(c)(6); id. § 1229a(b)(5); 8 C.F.R. § 1003.2(c); id. § 1003.23(b)(3).

[12] 8 U.S.C. § 1229a(c)(5); 8 C.F.R. § 1003.2(b); 8 C.F.R. § 1003.23(b)(2).  On May 11, 2005, Congress amended the INA with the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 302. Section 101 of the REAL ID Act altered the numbering of the subsections of 8 U.S.C. § 1229a(c) such that subsections (c)(5) (motions to reconsider) and (c)(6) (motions to reopen) are now subsections (c)(6) and (c)(7), respectively.  Congress did not make

5

order must "state . . . new facts that will be proven at a hearing to be held if the motion is granted, and [must] be supported by affidavits or other evidentiary material."[13]  "[O]ne motion to reopen" is all that the INA permits[14]; and, generally, that one motion must be filed "within 90 days of the date of entry of a final administrative order of removal."[15]  This general 90-day time limit does not apply, though, if, instead of filing a motion to reopen under 8 U.S.C. § 1229a(c)(6), the alien files a motion to reopen under 8 U.S.C. § 1229a(b)(5).

Section 1229a(b)(5) sets forth the "[c]onsequences [to an alien] of [his] failure to appear" for his removal proceedings.[16] Under § 1229a(b)(5), an alien who fails to appear for his removal proceeding (such as Singh) "shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that" the alien received notice of his hearing and that he is in fact removable.[17]  In contrast with other non-in absentia removal orders — which may be overturned through a motion to

_____

these numbering changes retroactive.  As the instant litigation arose prior to passage of the REAL ID Act, the citations to the INA in this opinion are to the pre-REAL ID Act version of the statute.

[13] 8 U.S.C. § 1229a(c)(6)(B).

[14] Id. § 1229a(c)(6)(A).

[15] Id. § 1229a(c)(6)(C)(I).

[16] Id. § 1229a(b)(5).

[17] Id. § 1229a(b)(5)(A).

6

reopen filed under 8 U.S.C. § 1229a(c)(6) —— an <u>in absentia</u> removal order

> may be <u>rescinded</u> only——
>
> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . , or
> (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice [of his removal hearing].[18]

Such a § 1229(b)(5)(C) motion to reopen is what Singh purported to file with the Board in 2004.  The Board, however, interpreted his filing as a § 1229(c)(6) motion to reopen.

Motions to reconsider removal decisions are governed by 8 U.S.C. § 1229a(c)(5).  An alien is allotted just "one motion to reconsider."[19]  That motion must "specify the errors of law or fact in the previous order . . . and be supported by pertinent authority."[20]

### 2. Regulatory Implementation of the INA

On the INA's statutory foundation, the Attorney General has constructed an administrative dichotomy that divides the review of removal orders between two fora: (1) the IJ, who can hear motions to reopen and motions to reconsider his removal orders[21]; and (2)

---

[18] <u>Id.</u> § 1229a(b)(5)(C)(i)-(ii) (emphasis added); <u>see also</u> 8 C.F.R. § 1003.23(b)(4)(ii).

[19] 8 U.S.C. § 1229a(c)(5)(A).

[20] <u>Id.</u> § 1229a(c)(5)(C).

[21] <u>See</u> 8 C.F.R. § 1003.23.

the Board, which hears appeals from orders of IJs, as well as motions to reopen and to reconsider its own appellate decisions.[22] The INA itself, however, does not envision the use of such a bifurcated review process: The Board is purely an administrative creation.[23] The INA merely establishes the two types of motions to reopen (a § 1229a(b)(5)(C) motion to reopen an in absentia removal order and a § 1229a(c)(6) general motion to reopen) and the motion to reconsider; because the INA does not create the Board, it does not specify to which adjudicator —— the Board or the IJ —— a § 1229a(b)(5)(C) motion to reopen an in absentia removal order (which is the type of motion Singh purported to file in 2004) must be presented.

The Board has endeavored to fill this lacuna through its implementing regulations. The Board's regulations are not a model of clarity, however, for the purpose of determining in which forum (the IJ or the Board) an alien must file a § 1229(b)(5)(C) motion to reopen an in absentia removal order. For example, 8 C.F.R. § 1003.23[24] —— titled "Reopening or reconsideration before the Immigration Court"[25] —— is the specific regulatory provision that addresses the extended time limits within which motions to reopen

---

[22] See id. § 1003.1(b) (appeals); id. § 1003.2 (motions to reopen and motions to reconsider).

[23] See id. § 1003.1.

[24] See id. § 1003.23(b)(4)(ii).

[25] Id. § 1003.23 (emphasis added).

8

in absentia removal orders may be filed.  In parallel, a subsection of 8 C.F.R. § 1003.2 — titled "Reopening or reconsideration <u>before the Board of Immigration Appeals</u>"[26] — also addresses the extended time limits associated with motions to reopen <u>in absentia</u> removal orders.[27]  Ultimately, it is this duplication that gives rise to the confusion in this case.

The Board cut this Gordian knot by ruling as a matter of law that under the INA and the Board's implementing regulations, motions to reopen <u>in absentia</u> removal orders must be presented to the IJ, not to the Board.[28]  It thus concluded that Singh's 2004 motion to reopen, which he filed with the Board, was a § 1229(c)(6) motion to reopen the Board's 2001 denial of Singh's appeal from the IJ's denial of his 2001 § 1229a(b)(5)(C) motion to reopen the <u>in absentia</u> removal order, <u>not</u> a new § 1229a(b)(5)(C) motion to reopen the <u>in absentia</u> removal order.

As this is an interpretation of both the INA and the Board's own regulations, we must accord deference to the Board's legal conclusion.  And, as we cannot find the Board's conclusion to be unreasonable, we deny Singh's petitions for review.

---

[26] <u>Id.</u> § 1003.2 (emphasis added).

[27] <u>See</u> <u>id.</u> § 1003.2(c)(3).

[28] As the Board put it: "Section 240(b)(5)(C) [of the INA, 8 U.S.C. § 1229a(b)(5)(C),] and 8 C.F.R. § 1003.23(b)(4)(ii) concern <u>in absentia</u> proceedings which were relevant to [Singh]'s motion to reopen before the Immigration Judge."

9

### 3. The Board Reasonably Interpreted the INA and Its Implementing Regulations

The Board reasonably concluded that under the INA and its implementing regulations, a § 1229(b)(5)(C) motion to reopen an <u>in absentia</u> removal order may be filed only with the IJ. First, the INA makes clear that an <u>in absentia</u> removal "order may be rescinded <u>only</u>" by filing a motion to reopen the removal proceedings.[29] "The obvious negative implication" of this language is that <u>in absentia</u> removal orders may <u>not</u> be appealed to the Board.[30] To challenge an <u>in absentia</u> removal order, then, the alien must do what Singh originally did in this case, <u>viz.</u>, file a § 1229(b)(5)(C) motion to reopen the <u>in absentia</u> order with the IJ.[31] But by filing the <u>in absentia</u> motion with the IJ, the alien has exhausted the <u>one</u> class of motions to reopen that the INA permits.[32] For such an alien, therefore, there are no more reopen

---

[29] 8 U.S.C. § 1229a(b)(5)(C) (emphasis added).

[30] <u>Bakal v. Ashcroft</u>, 56 Fed. Appx. 650, 653 (6th Cir. 2003); <u>see also</u> 8 C.F.R. § 1240.15 ("[A]n appeal shall lie from a decision of an immigration judge to the Board of Immigration Appeals, <u>except that no appeal shall lie from an order of removal entered in absentia</u>.") (emphasis added). One can quarrel with whether this negative implication is so obvious, considering that the INA does not envision there even being an administrative appeals process for removal orders. But, under <u>Chevron</u>, such quarreling would not get us far, as the Board's interpretation of the INA need not be <u>compelled</u> by the statute's language to warrant affirmance by us; it need only be <u>reasonable</u>. <u>See</u> 467 U.S. at 843-45.

[31] The Board may become involved at this point, because if the IJ denies the motion, then that denial is appealable to the Board.

[32] <u>See</u> 8 U.S.C. § 1229a(c)(6)(A) ("An alien may file <u>one motion to reopen proceedings under this section</u>.") (emphasis added).

10

motions available for filing; thus an attempted filing of a second motion to reopen violates the INA.  Assuming that it was permissible for the Attorney General to divide the removal order review process between two extra-statutory entities,[33] it is surely reasonable for the Board to conclude that a motion to reopen an <u>in absentia</u> removal order may only be filed with the IJ.

Second, as the Respondent points out in his brief, the rationale undergirding the giving of a more generous period of time in which an alien may move to reopen an <u>in absentia</u> removal order provides no support for giving the alien an extended period of time in which to file such a motion <u>with the Board</u>.  It makes sense to give an alien who was not notified of his removal hearing or who was prevented from attending his hearing by exceptional circumstances more time to seek the reopening of his removal order. Under the Board's own regulations, however, it can only hear motions to reopen in "case[s] <u>in which it has rendered a decision</u>."[34]  This means that by the time the alien's <u>in absentia</u> removal order reaches the Board, that alien has already (1) moved for reopening with the IJ, and (2) appealed the IJ's denial to the Board.  After all, only in such circumstances would the Board <u>already have rendered a decision in the alien's case</u>.  At such a

---

[33] Singh has not challenged the legitimacy of the Attorney General's decision to create the BIA, so we have no reason to doubt the permissibility of the Attorney General's action.

[34] 8 C.F.R. § 1003.2(a) (emphasis added).

late stage in the proceedings, the forgiving rationale behind the extended time periods for motions to reopen <u>in absentia</u> removal orders is just not relevant.

These two justifications more than adequately demonstrate the reasonableness of the Board's interpretation of the INA and its implementing regulations. We therefore deny Singh's two petitions for review.

## III. CONCLUSION

For the foregoing reasons, Singh's petitions for review are DENIED.

12