United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-60477
Summary Calendar

---

AMIRI KARIM, also known as Karim Amiri,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 565 775
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Karim Amiri (Amiri), a native and citizen of Pakistan, was admitted into the United States on July 15, 2000, as a non-immigrant visitor with authorization to remain not more than six months. Because Amiri overstayed, removal proceedings were instituted. The Immigration Judge (IJ) denied Amiri's applications for asylum, withholding of removal, and relief under Convention Against Torture (CAT) and permitted Amiri to depart voluntarily. On March 24, 2005, the Board of Immigration Appeals (BIA) adopted and affirmed the IJ's decision insofar as it found

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Amiri was not credible and had failed to meet his burden of proof.

Amiri moved the BIA to reconsider and/or reopen the removal proceedings so that he could apply for adjustment of status, to which, he contended, he was entitled as a beneficiary of a pending immigrant petition for alien worker filed by a prospective employer that was on appeal after it was denied because of the employer's inability to pay the proffered wages. The BIA denied the motion. Amiri timely petitioned this court for review of the BIA's decision denying the motion to reconsider and/or reopen the removal proceedings.

Amiri contends that the BIA erred in affirming the IJ's decision denying his application for withholding of removal and for relief under the CAT. Because Amiri did not petition for review of the BIA's March 24, 2005 decision, and because he identified no factual or legal errors in the IJ's order in his motion to reconsider and/or reopen, this issue is not properly before the court. See Stone v. INS, 514 U.S. 386, 394 (1995); 8 U.S.C. § 1252(a)(1), (b)(1); Trevino v. Johnson, 168 F.3d 173, 181 n.3 (5th Cir. 1999).

This court reviews the BIA's "denial of both a motion to reopen and a motion for reconsideration under a highly deferential abuse-of-discretion standard." Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006) (quotation marks omitted); see 8 C.F.R. § 1003.2(a).

Citing <u>Subhan v. Ashcroft</u>, 383 F.3d 591 (7th Cir. 2004), Amiri contends that the BIA abused its discretion and violated his right to due process in refusing to reopen the removal proceedings because the BIA's decision will have the consequence of making him ineligible for adjustment of status under 8 U.S.C. § 1255(i). The BIA determined that Amiri had failed to make a prima facie showing of eligibility for such relief because he had failed to establish that an immigrant visa was immediately available. <u>See</u> 8 U.S.C. § 1255(i)(2)(B). Amiri has not shown that the BIA abused its discretion in refusing to reopen the proceedings to permit him to pursue his application for adjustment of status. <u>See</u> <u>Ahmed v. Gonzales</u>, ___ F.3d ___, No. 05-60032, 2006 WL 1064196 at *4-5 (5th Cir. Apr. 24, 2006) (declining to follow <u>Subhan</u>). Because the relief he seeks is discretionary, his due process rights are not implicated. <u>See</u> <u>id.</u> at *7. Amiri's petition is DENIED.