United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60942
Summary Calendar
_____

LAUREANO SANCHEZ-RAMIREZ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 925 298
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Laureano Sanchez-Ramirez (Sanchez) petitions this court for review of the Board of Immigration Appeals's decision to deny his motion for reconsideration; previously, the Board of Immigration Appeals (BIA) had denied his motion to reopen his removal proceedings. Sanchez contends that the BIA incorrectly determined that he had not complied with the requirements of 8 C.F.R. § 1003.2(c) by submitting newly discovered evidence in support of his motion to reopen. Sanchez asserts that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affidavit of support that he submitted with his motion to reopen constituted newly discovered evidence because it was not available until his joint sponsor executed it after the conclusion of his hearing before the immigration judge (IJ).

This court reviews the BIA's "denial of both a motion to reopen and a motion for reconsideration under a highly deferential abuse-of-discretion standard."  Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks omitted); 8 C.F.R. § 1003.2(a).  The decision will be upheld unless it was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  Singh, 436 F.3d at 487 (internal quotation marks omitted).

In the instant case, the BIA considered whether the affidavit of support executed by Allen Gully on March 17, 2005, qualified as new evidence that merited the exercise of its discretion to grant reopening of Sanchez's proceedings.  In denying Sanchez's motion to reopen, the BIA correctly applied § 1003.2(c)(1), which limits the granting of a motion to reopen to evidence that "is material and was not available and could not have been discovered or presented at the former hearing." § 1003.2(c)(1).  The BIA concluded that Sanchez failed to show that the affidavit was "new or previously unavailable evidence"

because he failed to explain why Gully was not located or presented during Sanchez's hearing before the IJ.

The decision by the BIA was not unreasonable nor arbitrary. The fact that the affidavit was executed after the conclusion of Sanchez's proceedings does not make it "new" or "previously unavailable" evidence warranting a reopening of the proceedings. See Manzano-Garcia v. Gonzales, 413 F.3d 462, 470 (5th Cir. 2005).  Thus, the BIA's conclusion, when denying Sanchez's motion to reconsider, that it had correctly determined he had not complied with the requirements of § 1003.2(c)(1) was not an abuse of discretion because Sanchez failed to explain why his new evidence supporting the motion to reopen could not have been discovered prior to the former proceeding.  See Singh, 436 F.3d at 487.  Sanchez's petition for review is DENIED.