# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-60002
Summary Calendar

MERIANI MERIANI

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 569 377

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Meriani Meriani is a native and citizen of Indonesia who was admitted into the United States in May 2000 and remained in the country beyond the authorized period. An immigration judge (IJ) ordered Meriani removed but granted her request for voluntary departure. The Board of Immigration Appeals (BIA) affirmed the IJ's decision. Meriani filed a motion to reopen on the ground that she was seeking adjustment of status. The BIA denied Meriani's motion to reopen. The BIA also denied Meriani's motion to reconsider the denial of her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to reopen on the ground that she failed to leave the United States by the imposed deadline for voluntary departure, and was thus statutorily ineligible for adjustment of status pursuant to 8 U.S.C. § 1229c(d).

In this petition for review, Meriani argues that the BIA erred in denying her motion to reopen because the evidence in the record proved that her husband is a United States citizen by naturalization. She thus argues that she is eligible for adjustment of status. Meriani further argues that the BIA's interpretation of 8 U.S.C. § 1229c(d) should be rejected by this court because it creates a conflict between the statutory provisions on voluntary departure and a motion to reopen. She asserts that because of this conflict, the rule of lenity should be applied in her case.

The BIA's interpretation of the applicable statutes rendering Meriani ineligible for adjustment of status was reasonable. See Banda-Oritz v. Gonzales, 445 F.3d 387, 389-91 (5th Cir. 2006), cert. denied, 127 S. Ct. 1874 (2007). As Meriani was ineligible for adjustment of status, the BIA did not abuse its discretion by denying her motion to reconsider on that basis. See Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006); Zhao v. Gonzales, 404 F.3d 295, 303-04 (5th Cir. 2005). As such, Meriani's rule of lenity argument is unavailing. See United States v. Cooper, 966 F.2d 936, 944 (5th Cir. 1992). Accordingly, her petition for review is denied. Her requests for a stay of removal and compensation under the Equal Access to Justice Act are denied as well.

DENIED.