IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60451
Summary Calendar

HUMBERTO GONZALEZ-HERNANDEZ,

Petitioner,

v.

MICHAEL B. MUKASEY,
U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A78 987 818

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Humberto Gonzalez-Hernandez is a native and citizen of Mexico who was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

admitted into the United States in July 2000 and remained in the country beyond the authorized period. An immigration judge ordered him removed but granted his request for voluntary departure. The Board of Immigration Appeals ("BIA") dismissed the appeal of the order and renewed the voluntary departure order to allow Gonzalez-Hernandez to depart within 60 days from the date of the BIA's order, June 26, 2006.

On September 22, 2006, Gonzalez-Hernandez filed a motion to reopen and remand for adjustment of status based on his marriage to a lawful permanent resident. On December 14, 2006, the BIA denied the motion. Gonzalez-Hernandez did not file a petition for review but filed a motion to reconsider the order. He argued that the order deprived him of due process, because enforcement of a 60-day departure order where an alien has 90 days to file a motion to reopen following entry of the order would deprive him of a procedural right under the Immigration and Nationality Act ("INA").

Citing Banda-Ortiz v. Gonzales, 445 F.3d 387 (5th Cir. 2006), cert. denied, 127 S. Ct. 1874 (2007), the BIA denied the motion to reconsider, concluding that Gonzalez-Hernandez was statutorily barred from applying for adjustment of status by § 240B(d)(1) of the INA, 8 U.S.C. § 1229c(d), because he had failed to depart voluntarily within 60 days of its June 26, 2006, order. Gonzalez-Hernandez petitions for review of the order denying reconsideration, which is reviewed "under a highly deferential abuse-of-discretion standard." Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotations and footnote omitted).

The BIA's interpretation of the applicable statutes rendering Gonzalez-Hernandez ineligible for adjustment of status is reasonable. See Banda-Oritz, 445 F.3d at 389-91. Because Gonzalez-Hernandez was ineligible for adjustment of status, the BIA did not abuse its discretion by denying the motion to reconsider on that basis. See Singh, 436 F.3d at 487; Zhao v. Gonzales, 404 F.3d 295, 303-04 (5th Cir. 2005). Accordingly, the petition for review is DENIED.