IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-60524
Summary Calendar

ZHEN DONG

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 408 784

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Zhen Dong, a native and citizen of China, has filed a petition for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings as time- and number-barred. Dong argues that the BIA abused its discretion in finding that Dong's allegations of increased enforcement of China's population control laws were insufficient to qualify as changed country conditions under 8 C.F.R. § 1003.2(c)(3)(ii), so as to exempt Dong's motion to reopen from the time and number bars. Dong also argues that the BIA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mischaracterized his argument to refer to changes in his personal circumstances rather than the country's. He further avers that, given the rise of persecutive measures to enforce family planning practices and the birth of his children, he or his wife will be subjected to forced abortions and/or sterilization if returned to China, thus warranting the grant of asylum and withholding of removal. For this reason, Dong argues, he and his wife have a reasonable fear of persecution if they return to China.

In its decision, the BIA considered Dong's arguments and evidence as to conditions in China and Dong's personal circumstances. However, Dong's own evidence supports the BIA's conclusion. Dong's evidence shows that abortions and forced sterilizations continued to be documented, although officially not permitted, but not that they increased. Furthermore, Dong's two prior motions to reopen argued the same "changed" circumstances. In those motions, Dong argued that he and his wife feared China's coercive family planning policies. Dong fails to show an increase in the threat that he describes in those prior motions. Dong has failed to show that the BIA abused its discretion. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000); Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006).

Dong additionally asserts that the BIA erred in requiring him to show changed circumstances in China under 8 U.S.C. § 1229a and 8 C.F.R. § 1003.2(c)(3)(ii). Dong argues that, under 8 U.S.C. 1158(a)(2)(D), aliens with changed personal circumstances after a removal order may file a successive asylum application without having to show a change in country conditions. In Matter of C-W-L, 24 I&N Dec. 346, 351 (BIA 2007), the BIA rejected this argument and we reject it as well. Section 1158(a)(2)(D) governs asylum applications only and is not applicable to the reopening of removal proceedings. 8 U.S.C. § 1229a and 8 C.F.R. § 1003.2 (c)(3)(ii), on the other hand, expressly applies to aliens under final orders of removal seeking to apply or reapply for asylum. Dong fails to show that the BIA analysis of his motion to reopen under

8 U.S.C. § 1229a and 8 C.F.R. § 1003.2 (c)(3)(ii), rather than § 1158(a)(2)(D), was arbitrary, capricious, or manifestly contrary to the statutes. See Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 844 (1984).

For these reasons, Dong's petition for review of the decision of the BIA is DENIED.