# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60214
Summary Calendar

JULIA CASTRO CARRERA

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98-964 715

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Julia Castro Carrera (Castro), a native and citizen of Guatemala, has filed a petition for review of the Board of Immigration's (BIA) decision affirming the Immigration Judge's order denying her motion to reopen removal proceedings following an *in absentia* removal order entered October 19, 2005. Castro argues that the case should be remanded to the BIA because the paralegal she hired

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sent her motion for a change in venue to the wrong address.[1] She contends that the paralegal admitted his ineffective assistance and that she is entitled to relief under *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), *overruled in part by Matter of Compean*, 24 I. & N. Dec.710 (BIA 2009).

Castro has not addressed the BIA's determination that her motion to reopen was not timely filed. Filing within 180 days is a condition precedent to considering whether to reopen based on exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).[2] Therefore, Castro has abandoned a dispositive issue on appeal. *See Rodriguez v. INS*, 9 F.3d 408, 414 n. 15 (5th Cir. 1993).

Moreover, Castro has not shown that her failure to attend the hearing was caused by exceptional circumstances beyond her control. *See* 8 U.S.C. § 1229a(e)(1). The IJ's determination that Castro received written and oral notice of the October 19, 2005 hearing was supported by substantial evidence in the record. *See Girma v. INS*, 283 F.3d 664, 666 (5th Cir. 2002). The fact that the paralegal hired by Castro did not correctly serve an administrative appeal on the respondent or that the paralegal failed to properly file a motion for a change in venue, which events apparently occurred after the hearing date, is not an exceptional circumstance justifying Castro's failure to appear at the hearing or to at least notify the IJ that she was unable to attend. For similar reasons, Castro has not shown that her failure to appear resulted from ineffective assistance of counsel.

Castro has not shown that the BIA abused its discretion in denying the motion to reopen. *See Singh v. Gonzalez*, 436 F.3d 484, 487 (5th Cir. 2006). Castro's petition for review is DENIED.

---

[1] It is somewhat unclear to what Castro is referring. However, it appears to be a reference to the 2005 failure to mail a notice of appeal of the *in absentia* removal order to the correct office.

[2] Castro was advised of the need to file a motion to reopen in a March 13, 2006 opinion of the BIA rejecting her appeal of the *in absentia* removal order. At that point, she still had a month to file a timely motion to reopen.