# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-60182
Summary Calendar

JOSE GONZALEZ-GARCIA, also known as Jose Gonzalez-Gracia

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 913 461

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Gonzalez-Garcia (Gonzalez), a native and citizen of Mexico, has filed a petition for review of the Board of Immigration Appeals's (BIA) order denying his motion for reconsideration or, alternatively, a motion to reopen the proceedings. Gonzalez argues that the BIA failed to consider that the persecution that he suffered was on account of his membership in a particular social group, consisting of law enforcement personnel who enforced the law against criminal elements in the Mexican society. He also contends that he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecuted based on his political opinion that robbers should not be allowed to do acts beyond the law, an opinion expressed in his participation in a sting operation to capture train robbers. Gonzalez contends that if he is removed to Mexico, it is likely that he will face persecution and torture.

The Government argues that Gonzalez has challenged only the Immigration Judge's (IJ) and BIA's prior decisions on the merits and has not challenged the BIA's dismissal of the motion to reconsider as time barred or the denial of the motion to reopen based on Gonzalez's failure to present new and material evidence.

The court lacks jurisdiction to review the BIA's original decision on the merits because Gonzalez did not file a timely petition for review from that order. *See Stone v. I.N.S.*, 514 U.S. 386, 394 (1995). Gonzalez has not challenged the BIA's dismissal of the motion for reconsideration based on the time bar. Gonzalez has thus abandoned a dispositive issue on appeal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Nor does he show that the denial of the motion for reconsideration was an arbitrary and irrational determination. *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). The BIA did not abuse its discretion in denying the motion for reconsideration. *See Zhao v. Gonzalez*, 404 F.3d 295, 301 (5th Cir. 2005).

Gonzalez has not addressed the BIA's determination that he failed to offer any new and material evidence to support his motion to reopen the proceeding. His arguments are based on evidence that was presented earlier or could have been presented during the original hearing. Thus, Gonzalez has not shown that the BIA abused its discretion in denying the motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1).

The petition for review is DENIED.