**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2011

Lyle W. Cayce
Clerk

No. 10-60645
Summary Calendar

JOEL EFRAIN MORALES-MARES,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 690 575

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Joel Efrain Morales-Mares (Morales) is a native and citizen of Mexico who was granted lawful permanent resident (LPR) status in December 1999. Following a September 2006 conviction for aiding and abetting the illegal entry of other aliens into the United States, Morales was placed in removal proceedings and was later ordered removed to Mexico. As an LPR, Morales sought relief in the form of cancellation of removal. The immigration judge (IJ) denied relief, finding that Morales had not established the seven years of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

continuous residency required by 8 U.S.C. § 1229b(a). Morales's appeal to the Board of Immigration Appeals (BIA) was dismissed, and he did not file a petition for review at that time.

Morales filed a motion to reopen pursuant to 8 C.F.R. 1003.2(c), alleging that the attorney who had represented him before the IJ had rendered ineffective assistance by failing to conduct an adequate investigation, which would have revealed (1) two entries into this country that occurred before the December 1999 grant of LPR status and (2) he was entitled to special rule cancellation of removal pursuant to § 1229b(b) based on abuse by his former spouse. The BIA denied Morales's motion to reopen on the grounds that (1) there was insufficient proof that his prior attorney had been given notice of, and an opportunity to reply to, the claims of ineffective assistance, (2) there was insufficient evidence to support Morales's claims for relief, and (3) Morales had failed to show any prejudice resulting from counsel's representation. Morales filed a motion for reconsideration, which the BIA denied. Morales now petitions this court for review of that denial.

Morales argues that the BIA imposed erroneous evidentiary standards to his claims for relief. According to Morales, the BIA's decision indicated that he could not prevail on his claims for relief in the absence of particular types of evidence. With respect to his contention that his two entries prior to receipt of his LPR status enlarged his continuous residency period, Morales maintains that the BIA improperly required documentation of those entries from government officials. With respect to his claim of abuse, Morales maintains that the BIA improperly required medical or psychological documentation of such abuse.

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). None of the arguments advanced by Morales in his petition support a conclusion that the BIA's decision to deny his motion for reconsideration was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so

aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* Accordingly, we must uphold that denial. *See id.*

PETITION FOR REVIEW DENIED.