# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 13, 2012

Lyle W. Cayce
Clerk

No. 11-60485
Summary Calendar

GUIDO RENAN TAPIA-YAGUACHI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 398 115

Before REAVLEY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Guido Renan Tapia-Yaguachi (Tapia) seeks review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's denial of his motion to reopen an in absentia deportation order. We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

Given that Tapia's deportation proceedings began in 1996, 8 U.S.C. § 1252b (repealed) supplies the applicable procedural requirements. The statute provides that "written notice [of the time and place of the deportation proceedings] shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any)." § 1252b(a)(2)(A). A deportation order may be entered in absentia if, after the written notice required under subsection (a)(2) has been provided to the alien or the alien's counsel of record, the alien fails to appear. § 1252b(c)(1). Additionally, the statute provides that a deportation order entered in absentia may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances," or "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) of this section." § 1252b(c)(3)(A), (B).

The BIA determined that notice of the November 6, 1996 hearing was properly served on Tapia's former counsel, Rose Marie de Leon. It determined that Tapia's claim that exceptional circumstances prevented him from appearing at the hearing was untimely, that he had not established that equitable tolling was warranted, and that he had not exercised due diligence. The BIA also determined that Tapia had not satisfied the procedural requirements for establishing a claim of ineffective assistance of counsel.

In his opening brief, Tapia asserts that there is no evidence that de Leon entered an appearance on his behalf. However, following the Attorney General's supplementation of the administrative record with the notice of appearance form signed by de Leon, he concedes in his reply brief that de Leon entered an

appearance on his behalf in the immigration court.  Tapia notes, however, that his signature does not appear on the form filed by de Leon.  He argues that the entry of appearance form does not establish that de Leon was authorized to act as his attorney, and he contends that the record does not support a determination that notice to de Leon was proper.

Tapia has not established that the notice of representation filed by de Leon was invalid because his signature does not appear on the form.  Substantial evidence supports the BIA's determination that de Leon was his counsel in the immigration court at the time of his deportation hearing before the immigration court, and we defer to that finding.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

In "our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney."  *Link v. Wabash R.R.*, 370 U.S. 626, 634 (1962) (internal quotation marks and citation omitted).  The record shows that notice of the November 6, 1996 hearing was served on Attorney de Leon via certified mail.  This service satisfied both constitutional and statutory notice requirements.  *See id.*; § 1252b(a)(2).  Tapia has not established that the BIA erred in determining that notice was properly served on his counsel of record.

Tapia contends that the BIA's discussion of a claim of ineffective assistance of counsel and equitable tolling are not relevant.  He also asserts that he need not establish due diligence because his claim of improper notice can be brought at any time.  As Tapia has failed to show error in the BIA's determination that notice was properly served on his counsel of record, we will not consider these arguments.

Tapia has failed to show that the BIA abused its discretion in denying his motion to reopen.  *See Singh*, 436 F.3d at 487.  Accordingly, his petition for review is DENIED.