# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1423

_____

|  |  |  |
|---|---|---|
| Guadalupe Morales Zapata, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the |
| | * | Board of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: January 27, 2012
Filed: February 1, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Mexican citizen Guadalupe Morales Zapata petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration judge's denial of asylum and withholding of removal. We lack jurisdiction to review determinations regarding the untimeliness of Zapata's asylum application or the absence of changed or extraordinary circumstances to excuse her untimely filing. See 8 U.S.C. § 1158(a)(3) (no court shall have jurisdiction to review any determination regarding untimeliness of asylum application); Ngure v. Ashcroft, 367 F.3d 975, 989 (8th Cir. 2004) (court cannot review finding that alien did not show changed or extraordinary circumstances relating to delay in filing asylum application).

We conclude substantial evidence supports the BIA's finding that Zapata was not credible and the BIA's denial of withholding of removal.  See Sow v. Mukasey, 546 F.3d 953, 956 (8th Cir. 2008) (withholding-of-removal claimant must show clear probability that she will face persecution on account of protected ground in country to which she will be removed; denial of withholding of removal and adverse credibility determination are reviewed for substantial evidence); Ezeagwu v. Mukasey, 537 F.3d 836, 838-40 (8th Cir. 2008) (discrepancies between petitioner's written affidavit and oral testimony, and petitioner's failure to mention in affidavit alleged detentions to which he testified, provided legitimate basis for adverse credibility finding); Zine v. Mukasey, 517 F.3d 535, 541 (8th Cir. 2008) (adverse credibility finding is fatal to withholding-of-removal claim); see also Khrystotodorov v. Mukasey, 551 F.3d 775, 783 (8th Cir. 2008) (if petitioner's explanations and IJ's adverse inferences both appear valid, reviewing court should not supersede IJ's credibility finding simply because alternative finding could also be supported).

We also conclude that the BIA did not abuse its discretion in rejecting Zapata's request for a remand.  See Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006) (abuse-of-discretion standard of review; appeals court will affirm BIA's decision denying motion for remand as long as it is not arbitrary, capricious, racially invidious, or utterly without foundation in evidence).

Accordingly, we deny the petition.  See 8th Cir. R. 47B.

_____