# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2014

Lyle W. Cayce
Clerk

No. 13-60081
Summary Calendar

JEAN BUNGANGA MANSI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 588 554

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jean Bunganga Mansi, a native and citizen of the Democratic Republic of Congo (DRC) petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the immigration judge (IJ) and denying him a remand. The IJ's denial of Mansi's requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) were grounded in an adverse credibility finding. The BIA concluded that this finding was not clearly erroneous and that Mansi had not shown entitlement to the requested relief. The

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60081

BIA also concluded that Mansi had not shown error in connection with the IJ's decisions to exclude certain evidence and to dispense with closing arguments. Finally, the BIA denied his motion to remand, which was grounded in his challenge to the disputed evidentiary rulings.

Now, Mansi insists that he was credible and proved his entitlement to relief. We review the legal conclusions of the BIA and IJ de novo, and their factual findings are reviewed for substantial evidence. *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006). Reversal under the latter standard is not warranted absent a showing "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted). Among the findings that we review for substantial evidence are the factual conclusions that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We will defer to an immigration court's credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir.2009) (internal quotation marks omitted).

Our review of the record and the appellate briefs shows that this standard has not been met. Both the IJ and the BIA noted several material discrepancies betwixt Mansi's testimony and his application for relief. The adverse credibility determination in this case is thus supported by specific reasons derived from the record. The evidence does not compel a conclusion that no reasonable factfinder could have found Mansi not to be credible. *See Wang*, 569 F.3d at 538; *Chen*, 470 F.3d at 1134. To the extent Mansi argues otherwise, this argument is unavailing.

Likewise unavailing are Mansi's arguments concerning evidentiary rulings, closing arguments, and his motion to remand. When reviewing the BIA's denial of a motion to remand, we apply "a highly deferential abuse of discretion standard." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). The remand was grounded in Mansi's contention that certain evidence should not have been excluded and that closing arguments should have been permitted. "The test for admissibility of evidence

in a deportation proceeding is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law." *Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990); *see also Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012). Mansi has not shown substantial prejudice arising from the challenged rulings. *See Bouchikhi*, 676 F.3d at 180. Furthermore, the exclusion of two documents was permissible under 8 C.F.R. § 1003.31(c), which provides that the IJ "may set and extend time limits for the filing of applications and related documents."

In sum, Mansi has not shown that the BIA's rulings were in error, nor has he shown that the BIA abused its discretion by denying him a remand. Consequently, his petition for review is DENIED.