# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60633
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2014

Lyle W. Cayce
Clerk

FERNANDO LEONEL CHINCHILLA-RODRIGUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 037 529

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit
Judges.

PER CURIAM:*

Fernando Leonel Chinchilla-Rodriguez petitions this court for review of
both the Board of Immigration Appeals' (BIA's) conclusion that he had not
made a prima facie showing that he was entitled to asylum and its resulting
denial of his third motion to reopen, which relied upon changed circumstances
in his home country, Guatemala.  He argues that the BIA abused its discretion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

by denying the motion because he established a well-founded fear of future persecution based on his political opinion and membership in a social group consisting of the Chinchilla family, thereby showing his entitlement to asylum.

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). The BIA may deny a motion to reopen based on changed country conditions when, as is the case here, it concludes that the alien has not made a prima facie case that he is entitled to the relief sought. *Panjwani v. Gonzales*, 401 F.3d 626, 632 n.7 (5th Cir. 2005) (citing *INS v. Abudu*, 485 U.S. 94, 104-05 (1988)).

Our review of the record and the parties' filings shows that the challenged decision was not capricious or arbitrary. *See Singh*, 436 F.3d at 487. In support of his claim for asylum, Chinchilla-Rodriguez argues that attacks on high-ranking members of the Patriotic Party and people connected to these individuals show that he has a well-founded fear of persecution, as does the killing of his cousin. He is mistaken, as these incidents would not suffice to give a rank-and-file member of the Patriotic Party, such as Chinchilla-Rodriguez, an objectively reasonable fear of future persecution. *See Zhao*, 404 F.3d at 303. Additionally, he has not shown that these acts were sanctioned by officials. *See Mikhael v. I.N.S.*, 115 F.3d 299, 303 n.2 (5th Cir. 1997). Chinchilla-Rodriguez's petition for review is DENIED.