# CORRECTED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60687
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2017

Lyle W. Cayce
Clerk

CARLOS JAVIER LARIOS-GIRON,

Petitioner

v.

DANA BOENTE, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 000 677

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Carlos Javier Larios-Giron, a native and citizen of Guatemala, was ordered removed in absentia after failing to appear at his removal hearing. The Immigration Judge (IJ) denied his motion to reopen and a later motion to reconsider the denial of reopening. He now petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his motion to reconsider. He argues that he was not served with the Notice to Appear (NTA); was never asked to provide his address; was never informed that he was in removal proceedings; and was never warned of the consequences of failing to appear at the removal hearing. He contends that this lack of notice resulted in a violation of his due process rights.

The NTA, which contained Larios-Giron's signature and fingerprint, advised him of the obligation of providing his mailing address. The NTA stated that it was served in person and that the alien was provided oral notice in Spanish that the time and date for the removal hearing would be set later and the consequences of failing to appear. Thus, the record reflects that Larios-Giron was personally served with the NTA. *See* 8 U.S.C. § 1229(a). The NTA also reflects that Larios-Giron failed to provide his address. This was a proper basis to deny reopening the removal proceedings. *See* 8 U.S.C. § 1229a(b)(5)(B); *Gomez-Palacios v. Holder*, 560 F.3d 354, 360-61 (5th Cir. 2009). Larios-Giron has shown no abuse of discretion. *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). Larios-Giron's due process argument is without merit. *See Gomez-Palacios*, 560 F.3d at 361 n.2.

Larios-Giron also argues that the BIA erred because he showed changed country conditions and, as a result, he was entitled to have his removal proceedings reopened. To determine whether there has been a material change in country conditions, the evidence of country conditions submitted with the motion to reopen is compared to those conditions that existed at the time of the removal hearing. *See Panjwani v. Gonzales*, 401 F.3d 626, 632-33 (5th Cir. 2005). Larios-Giron's fear of gangs when he left Guatemala was the same fear he had at the time the motion to reopen was filed. Although he attempts to argue that police corruption is a changed country condition, this argument is without merit. Larios-Giron previously admitted that the police "did nothing"

in order to protect him and his family from the gang when he lived in Guatemala and the police "did nothing" to help his family even after he left. As a result, Larios-Giron has failed to show that the BIA's denial of the motion to reconsider regarding this issue was an abuse of discretion. *See Panjwani*, 401 F.3d at 632-33.   Based on the foregoing, we need not reach Larios-Giron's remaining arguments regarding whether he established prima facie eligibility for relief from removal.  *See id.*

Larios-Giron's petition for review is DENIED.