# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60123
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2018

Lyle W. Cayce
Clerk

BERTA LIDIA ERAZO-AGUILAR,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 907 107

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:*

Berta Lidia Erazo-Aguilar petitions for review of a decision of the Board of Immigration Appeals (BIA) denying her motion to reconsider. We lack jurisdiction to review the BIA's denial of her earlier motion to reopen, which she did not appeal. *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60123

According to Erazo-Aguilar, the BIA erred by giving her motion to reconsider a cursory analysis.  She also asserts that the BIA erred in finding no reason to disturb its earlier decision when it had made a credibility finding, viewed the evidence in isolation, and acted summarily in denying the motion to reopen.

We review the denial of a motion to reconsider under a highly deferential abuse of discretion standard.  *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).  In denying Erazo-Aguilar's motion, the BIA cited *Matter of O-S-G-*, 24 I.&N. Dec. 56 (BIA 2006).  In that decision, the BIA explained its view that "[a] motion to reconsider is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked."  *Id*. at 57 (internal quotation marks and citation omitted).  It further explained that a motion to reconsider "is not a process by which a party may submit, in essence, the same brief presented on appeal" or "seek reconsideration by generally alleging error in the prior Board decision."  *Id*. at 58.

The Board's decision here was consistent with the principles it outlined in *Matter of O-S-G-*, 24 I.&N. Dec. at 57-58.  Erazo-Aguilar has not shown that the decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it [was] arbitrary rather than the result of any perceptible rational approach."  *Singh*, 436 F.3d at 487 (internal quotation marks and citation omitted).  The petition for review is DENIED.