# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-60593
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2024

Lyle W. Cayce
Clerk

Anthony Robortson Dias,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 684 007

———————————————————

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Anthony Robortson Dias, a native and citizen of India, petitions this court for review of a decision by the Board of Immigration Appeals (BIA) denying reopening and reconsideration and declining to exercise its discretionary authority to reopen sua sponte.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60593

Dias was ordered removed to India in June 2019. The BIA dismissed his appeal on December 19, 2022. Over four months later, on April 27, 2023, Dias filed a motion to reopen and reconsider. He also asked the BIA to exercise its discretionary authority to reopen immigration proceedings sua sponte. He argued reopening and reconsideration were warranted because he had become eligible for adjustment of status based on his marriage to a United States citizen. He further argued that his motion was timely because counsel for Dias did not receive a copy of the BIA's decision under "on or about February 28, 2023." The BIA denied Dias's requests for statutory reopening and reconsideration on the ground that they were untimely because (1) the motion to reopen was filed more than 90 days after the BIA dismissed his appeal, and (2) motion for reconsideration was filed more than 30 days after the dismissal. The BIA also noted that Dias submitted no evidence supporting his claim that counsel received the BIA's decision on or about February 28, 2023, and counsel's argument did not qualify as evidence. Finally, the BIA declined to exercise its discretionary authority to sua sponte reopen Dias's immigration proceedings because he failed to establish any extraordinary circumstances that warranted reopening. Dias filed a timely petition for review.

We review the BIA's denial of a motion to reopen or reconsider removal proceedings for abuse of discretion. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (per curiam); *INS v. Doherty*, 502 U.S. 314, 322–23 (1992). "'[S]o long as [the Board's decision] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach,' we must affirm the Board's decision." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (alterations in original) (citation omitted).

Pursuant to 8 U.S.C. § 1229a(c)(6)(B), a motion to reconsider a removal decision must be filed with the BIA within 30 days after the entry of

2

a final administrative order of removal. Additionally, a motion to reopen must be filed within 90 days after the date of entry of the final order of removal. § 1229a(c)(7)(C)(i). Dias's motions to reopen and reconsider were filed more than four months after the final administrative decision in his case, far beyond either deadline. In his petition for review, Dias argues that (1) the BIA erred in strictly enforcing the statutory limitations periods for filing motions for reopening and reconsideration, and (2) that he was duly diligent in filing his motion requesting reopening and reconsideration after he received a copy of the BIA's decision. He does not acknowledge, much less challenge, the BIA's finding that he presented no evidence establishing that counsel received his copy of its decision several weeks after the decision was filed. Therefore, the BIA did not abuse its discretion by denying Dias's motions to reopen and reconsider its prior decision.

Further, Dias does not challenge the BIA's decision declining to invoke its sua sponte authority to reopen or reconsider his case. *Matter of G– D–*, 22 I&N Dec. 1132, 1133–34 (BIA 1999) (stating that "as a general matter, we invoke our sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations"). Accordingly, his petition for review is DENIED.