# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-60940
Summary Calendar

ABEL FLORES-ORDONES,

Petitioner

v.

ERIC H. HOLDER, JR., U S. ATTORNEY GENERAL ,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 027 333

Before KING, STEWART, and HAYNES, Circuit Judges.
PER CURIAM:[*]

Abel Flores-Ordones petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from the immigration judge's (IJ) denial of his motion to reopen and to rescind the in absentia order of removal. Flores-Ordones does not challenge the BIA's finding that the notice of the removal hearing was proper because Flores-Ordones was personally served with the notice to appear, which apprised him of the consequences of his failure to appear and the necessity for him to provide a change of address form to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, that Flores-Ordones failed to provide a new address to the immigration court when he left Texas to move to California, and that the notice of the removal hearing was properly mailed to the Texas address Flores-Ordones provided to the Government. Accordingly, he has abandoned these issues. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). Flores-Ordones has also abandoned by failing to adequately brief any argument regarding the service of his notice of hearing. *Id.* To the extent Flores-Ordones attempts to argue that the failure to receive notice of a removal hearing always entitles him to a rescission of that order, such an argument is foreclosed by *Gomez-Palacios v. Holder*, 560 F.3d 354 (5th Cir. 2007).

Flores-Ordones challenges the BIA's finding that he failed to support his claim that illness prevented him from attending his removal hearing. However, as the BIA concluded, the record does not contain any evidence corroborating Flores-Ordones claim of illness.

Flores-Ordones also argues that the Government sent him mixed signals regarding whether the Government would agree not to oppose his motion to reopen. However, he does not challenge the BIA's finding that the record does not contain any evidence of an agreement by the Government not to oppose the motion.

In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Accordingly, this court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach. *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

While questions of law are reviewed de novo, this court accords deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect. *Mikhael v. INS*,

115 F.3d 299, 302 (5th Cir. 1997). The BIA's factual findings are reviewed under the substantial-evidence test, meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

Flores-Ordones has not established that the BIA abused its discretion by denying his appeal. Accordingly, his petition for review is DENIED. Flores-Ordones's motion to remand is also DENIED.