**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-60963
Summary Calendar

KUMAR LAKHWINDER,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 541 696

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:*

Kumar Lakhwinder, a native and citizen of India, petitions this court for review of an order from the Board of Immigrations Appeals (BIA) denying his motion to reopen based on changed country conditions. In May 2005, an Immigration Judge denied Lakhwinder's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA summarily affirmed, finding that Lakhwinder lacked credibility. This court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied Lakhwinder's subsequent petition for review on two grounds: (1) substantial evidence supported the BIA's decision that Lakhwinder had failed to establish eligibility for asylum and withholding of removal; and (2) Lakhwinder failed to exhaust administrative remedies in his application for relief under the CAT by neglecting to raise the issue in his appeal to the BIA, thus depriving the court of jurisdiction to review it. *See Lakhwinder v. Gonzales*, 206 F. App'x 347, 348 (5th Cir. 2006) (per curiam).

Lakhwinder filed the present motion to reopen in June 2008. The BIA denied the motion as untimely and not falling within the exception for new evidence "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA found that much of the evidence submitted with the motion was stale because it was dated several years prior to the motion; it further found that the more recent evidence showed conditions not substantially different from those Lakhwinder described at the May 2005 hearing.

We review denial of a motion to reopen "'under a highly deferential abuse-of-discretion standard.'" *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)). Under this standard, the decision may be reversed only if it is "'capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Id.* (quoting *Zhao*, 404 F.3d at 304).

We conclude that the BIA did not abuse its discretion in finding that Lakhwinder failed to provide adequate evidence of a material change in country conditions that was unavailable at the May 2005 hearing. *See Panjwani v. Gonzales*, 401 F.3d 626, 632–33 (5th Cir. 2005). Contrary to Lakhwinder's

assertions, the BIA considered and rejected the evidence proffered in support of the June 2008 motion to reopen. This determination followed from evaluation of both the age and the content of the evidence and was not "'capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational [as to be] arbitrary rather than the result of any perceptible rational approach.'" *Singh*, 436 F.3d at 487 (quoting *Zhao*, 404 F.3d at 304). Lakhwinder's arguments based on the CAT were not raised in his motion to reopen before the BIA. He has therefore failed to exhaust this issue, and this court lacks jurisdiction to review it. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001). Accordingly, Lakhwinder's petition for review is DENIED.