OPINION
PER CURIAM.
Tulsi Patel petitions for review of the order of the Board of Immigration Appeals (“BIA”) denying his motion to reopen. We will deny the petition.
I.
Patel is a citizen of India. He entered the United States without inspection in 1995, and the Government detained him in Arizona and filed an order to show cause *630 charging him as deportable on that basis.[1] While Patel was in custody, the Government served him with notice of the order to show cause, which advised him of his responsibility to inform the Immigration Court of any change of address. (A.233.) Patel’s initial hearing was scheduled for December 11,1995. On December 8,1995, Patel posted bond and listed a Ramanbhati Patel with an address in West New York, New Jersey, as the person with whom he would be living. (A.222.) The bond notice states that an Immigration and Naturalization Services officer again reminded Patel before his release of his obligation to notify the Immigration Court of any change of address. (Id.)
Patel was represented by counsel at the time. On December 12, 1995, his counsel filed a motion to change venue to the Immigration Court in Newark, New Jersey. That motion listed Patel’s new address as an address in Guttenberg, New Jersey. (A.215.) An Immigration Judge (“IJ”) granted the motion, and Patel’s initial hearing was later rescheduled. The Immigration Court sent notice of the rescheduled hearing date and all future correspondence by certified mail to Patel’s Guttenberg address. All correspondence was addressed to Tulsi Patel, “c/o Raman-bhati Patel,” the person whose West New York address Patel had given in the bond notice. Patel failed to appear for the rescheduled hearing, then failed to appear for at least four other rescheduled hearings after that. An IJ ultimately ordered him deported in absentia in July 1999.
Over seven years later, in September 2006, Patel filed a motion under former 8 U.S.C. § 1252b(c)(3)(B) to rescind the in absentia deportation order on the grounds that he never received notice of any of the rescheduled hearing dates. (A.56-60.) Patel alleged that, after his release on bond, he moved to an address in West New York different from the one listed on his bond notice, then moved three more times during the relevant time period. He noted that the Immigration Court sent all correspondence to him at the Guttenberg address “c/o Ramanbhati Patel,” but did not assert any error in that regard. Instead, he simply asserted that he never received it. He also argued that he should not have been expected to notify the Immigration Court of his changes of address because the notice of the order to show cause, which advised him of that requirement, was not printed or read to him a language he understood. He further asserted that he had since become eligible to adjust his status as a derivative beneficiary of an adjustment of status application filed by his wife. Patel claimed to have discovered the in absentia deportation order after filing a request under the Freedom of Information Act, but did not say when.
By decision issued October 4, 2006, the IJ denied Patel’s motion. (A.105-07.) The IJ noted that Patel never denied residing at the Guttenberg address where the correspondence had been sent and never contacted the Immigration Court either to notify it of his subsequent changes of address or to ascertain the status of his case. Patel appealed to the BIA, and the BIA dismissed his appeal on December 18, 2007, 2007 WL 4711411. (A.34-35.) The BIA noted that Patel’s argument regarding the order to show cause “might have some force” if he were not represented by counsel at the time. (A.35.) The BIA explained, however, that Patel had been represented by counsel, who secured a change *631 of venue and provided an updated address, and that Patel alleged neither that his counsel rendered ineffective assistance nor that he was actually unaware of his obligation to notify the Immigration Court of any change of address. The BIA further concluded that the aspect of Patel’s motion based on his potential eligibility to adjust status was untimely but that he had not shown prima facie eligibility to adjust status in any event.
Patel did not petition for review. Instead, on November 7, 2008, he filed a second motion with the BIA, captioned as “motion to reopen in absentia order.” (A.ll-13.) This time, Patel argued that he had been living at the Guttenberg address, but that the Immigration Court erred in sending correspondence to him there “c/o Ramanbhati Patel.” Patel argued that there were a number of people of Indian descent living at that address with similar names, and that use of the “c/o” name must have been what caused him not to receive any of the various notices. Patel also argued that he was eligible to adjust status by virtue of his wife’s receipt of an 1-130 employee visa. Patel acknowledged that his motion was “most likely time barred and number barred,” (A. 12), but asked the BIA to exercise its discretion to reopen his proceeding sua sponte. See 8 C.F.R. § 1003.2(a).
The BIA denied the motion on December 19, 2008. (A.2.) The BIA explained that the motion was untimely whether considered as a motion to reconsider or a motion to reopen, which must be filed within thirty and ninety days, respectively, of the BIA’s previous disposition. See 8 C.F.R. § 1003.2(b)(2), (c)(2). The BIA further declined to exercise its authority to reopen sua sponte because Patel provided no explanation for “his long delay in seeking to pursue this matter[.]” (A.2.) Patel petitions for review.
II.
We have jurisdiction to review the BIA’s December 19, 2008 order pursuant to 8 U.S.C. § 1252. Our jurisdiction, however, does not extend to that aspect of the order in which the BIA declined to reopen sua sponte. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir.2003).[2] Our jurisdiction also does not extend to the BIA’s previous order of December 18, 2007, because Patel did not petition for review of that order. See Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Thus, our jurisdiction is limited to the BIA’s decision to deny Patel’s motion on the grounds that it was untimely. We review that ruling for abuse of discretion, and may disturb it only if it is “ ‘arbitrary, irrational, or contrary to law.’” Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir.2006) (citation omitted). We perceive no abuse of discretion here.
As the BIA properly explained, Patel’s motion was untimely by many months whether treated as a motion for reconsideration or a motion to reopen. See 8 C.F.R. § 1003.2(b)(2), (c)(2). Patel effectively conceded as much before the BIA and does not argue otherwise on review. Instead, he devotes much of his brief to challenging the IJ’s denial of his previous motion to rescind the in absentia deportation order and the BIA’s dismissal of his appeal from that ruling. As explained above, however, we do not have jurisdiction to review those rulings. He also argues the merits of his motion to reopen at *632 some length, but those arguments do not address the grounds (i.e., untimeliness) on which the BIA denied it. Those arguments aside, Patel raises two others that warrant discussion. Neither has merit.
First, he asserts without further elaboration that “absentia orders that are based on the government’s actions should not be time barred. The Petitioner did not receive notice and there is no time bar under 8 C.F.R. Section 1003.2(b)(2) and (c)(2).” (Petr.’s Br. at 10.) Patel, however, did not raise this argument before the BIA, and instead conceded that the general time limitations applied to his motion. (A.12.) Thus, Patel failed to exhaust this argument, and we lack jurisdiction to review it. See 8 U.S.C. § 1252(d)(1); Sandie v. Att’y Gen., 562 F.3d 246, 250 n. 1 (3d Cir.2009).[3]
Second, Patel argues that the BIA abused its discretion by ruling in summary fashion without adequately addressing his arguments. We disagree. It is true that the BIA did not address Patel’s arguments on the merits. In light of the untimeliness of his motion, however, it had no reason to do so. Instead, the BIA quite reasonably focused on what Patel did not argue — i.e., any grounds to excuse the untimeliness of his motion. All of Patel’s arguments are addressed to his underlying claim that he lacked notice of the hearings that ultimately resulted in his in absentia deportation order. He presented that claim in his 2006 motion, both the IJ and BIA rejected it, and Patel did not petition for review. Thus, his arguments are merely a second attempt to explain why he did not appear for his deportation hearings. They provide no explanation for the untimeliness of the motion at issue here.
Accordingly, we cannot say that the BIA abused its discretion in denying Patel’s motion as untimely, and we will deny his petition for review.

. Patel was placed in deportation proceedings under fonner 8 U.S.C. § 1252b before April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act (‘‘IIRIRA”). See Luntungan v. Att'y Gen., 449 F.3d 551, 556 (3d Cir.2006). Accordingly, pre-IIRIRA procedures applied and we will use pre-IIRIRA terminology.

. We have recognized an exception to this principle when the BIA has announced and followed a policy that governs its otherwise unfettered discretion to reopen sua sponte. See Cruz v. Att’y Gen., 452 F.3d 240, 249 (3d Cir.2006); Calle-Vujiles, 320 F.3d at 475. Patel does not suggest that there is any such policy applicable in this case, and we are aware of none.

. Nevertheless, we note that the argument lacks merit. Patel cites no authority for this proposition, but he appears to have in mind the provisions governing motions filed with an IJ to rescind in absentia orders on the grounds of lack of notice, like the one he filed with the IJ in 2006. Such motions may be filed "at any time,” and are not subject to the time limitations ordinarily applicable to motions to reopen. 8 U.S.C. § 1252b(c)(3)(B) (repealed 1996); 8 C.F.R. §§ 1003.2(c)(3)(i), 1003.23(b)(4)(iii)(A)(2). These provisions, however, apply only to motions to reopen filed with an IJ, not to subsequent motions to reopen filed with the BIA. See Singh v. Gonzales, 436 F.3d 484, 489 (5th Cir.2006) (so holding with respect to analogous provisions applicable in post-IIRIRA removal proceedings); Calle-Vujiles, 320 F.3d at 473-74 (explaining that general time limitations apply to motions to reopen in absentia deportation orders filed with the BIA). Motions filed with the BIA must satisfy the timeliness requirements generally applicable thereto, in the absence of exceptions that are not present here. See 8 C.F.R. § 1003.2(c)(2), (c)(3).