# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2010

No. 08-60007

Charles R. Fulbruge III
Clerk

SMAROLEE ELIZABETH GAROY, also known as Sherilee Elizabeth Garoy,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 857 833

---

Before GARWOOD, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner Smarolee Elizabeth Garoy ("Garoy") seeks review of an order of the Board of Immigration Appeals ("the BIA") denying her motion to reopen proceedings and rescind an *in absentia* order of deportation entered against her in 1993. We deny the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-60007

## I. FACTS AND PROCEEDINGS

In January 1993, Garoy, a native and citizen of Belize, attempted to enter the United States (the "U.S.") without a visa. She was detained at the border by officers of the former Immigration and Naturalization Services ("INS"). The following day, INS officers personally served Garoy with an order to show cause ("OSC"), charging her as deportable for entry by fraud or willful misrepresentation of a material fact, *viz.*, that she was a U.S. citizen. The OSC stated that Garoy would be required to appear before an immigration judge ("IJ") for a deportation hearing to be held at a date and time "to be calendared." An INS officer read the OSC to Garoy and provided her with copies of it in both English and Spanish. The officer also provided Garoy with a change-of-address form and explained that it was her responsibility to provide the immigration court with written notice of any change of address, as her failure to do so could result in a deportation order being entered against her even in her absence if the IJ concluded that the evidence clearly established her deportability. Garoy signed release documents acknowledging her receipt and understanding of the OSC. She provided her address as "1650 West June Way, Chicago, Illinois 60626" and was released on her own recognizance.

About one month later, the IJ sent a notice of hearing ("NOH") by certified mail to Garoy at the Chicago address that she had provided, alerting her that her deportation hearing would take place on March 31, 1993. Several days later, the NOH was returned to the IJ as undeliverable. Garoy did not appear for the scheduled deportation hearing, and the IJ conducted the proceedings in her absence. On April 2, 1993, the IJ issued a written opinion concluding that (1) Garoy had been properly served with notice of the hearing but had failed to

No. 08-60007

appear, and (2) the documentary evidence established Garoy's deportability by "clear, convincing, and unequivocal evidence." Accordingly, the IJ ordered that Garoy be deported to Belize. A copy of the decision was sent to Garoy's last known address, but — like the NOH — it was later returned as undeliverable, stamped "Return to sender, attempted — not known." Garoy claims that she was unaware of the IJ's order until almost five years later, when, shortly after her wedding in 1998, her husband filed a family-based visa petition on her behalf.

In 2006, about eight years after the time that she claims she first learned of the deportation order — and thirteen years after the order was first issued — Garoy filed a motion with the IJ to reopen the proceedings and rescind the *in absentia* deportation order. Claiming that she had never received actual notice of the deportation hearing, Garoy also sought an adjustment of status based on the approval of her husband's earlier visa petition, which, according to Garoy, made her eligible for relief that had been unavailable at the time of her deportation hearing. In addition, Garoy also requested a change of venue to Los Angeles, California, explaining that she no longer resided in Chicago.

In an affidavit attached to her motion, Garoy conceded that she and several other persons had attempted to enter the U.S. without visas. Although Garoy admitted that a man in her group had claimed that all of the members were U.S. citizens, she insisted that she had never made such a claim personally. Garoy acknowledged that she had signed "some paperwork" on her release from detention, but claimed that she had not understood the significance of the paperwork or of her signature on it. Garoy also attached to her motion a copy of the approval of her visa petition, her husband's naturalization certificate, her

3

No. 08-60007

marriage certificate, and her application for adjustment of status.   The Department of Homeland Security ("DHS") opposed her motion.

After reviewing the record evidence, the IJ denied Garoy's motion to reopen the proceedings.  The IJ stated that notice of Garoy's deportation hearing had been properly sent via certified mail to the only address that she had provided to the immigration court.  As Garoy had not notified the court of any change of address,  the IJ concluded that she had been properly provided with notice but had failed to appear, thus defeating her request to reopen the proceedings based on a lack of notice.

Without filing a full administrative appellate brief, Garoy appealed to the BIA in a two-sentence statement entitled "Reasons for Appeal."   In her statement, Garoy claimed that the IJ had erred in denying her motion to reopen for two reasons: (1) She had not received actual notice of her deportation hearing; and (2) she was eligible for adjustment of status based on her 1997 marriage to a U.S. citizen.  In response to Garoy's appeal, the DHS filed a motion for summary affirmance of the IJ's order.

The BIA dismissed Garoy's appeal and affirmed the IJ's denial of her motion to reopen.  As an initial matter, the BIA noted that the INS had personally served Garoy with the OSC, which instructed her that she had to provide the immigration court with written notification of any change of her address.   The BIA noted that Garoy had acknowledged receipt and understanding of the OSC and had provided the Chicago address. The BIA also found persuasive the fact that Garoy had requested a change of venue to Los Angeles, as she had never before provided the immigration court with any information related to her residence there.  Accordingly, the BIA concluded that

4

No. 08-60007

Garoy had failed to demonstrate that she was entitled to rescission of the *in absentia* order of deportation. The BIA also ruled that Garoy was time-barred from seeking adjustment of status, as the marriage underlying her purported eligibility for such an adjustment had not occurred until 1997 — long past the deadline for filing a motion to reopen seeking new relief.

## II. LAW AND ANALYSIS

In reviewing the BIA's denial of a motion to reopen, we apply a highly deferential abuse-of-discretion standard.[1]  As we have previously explained, motions to reopen immigration proceedings are generally disfavored.[2]  "This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."[3]  We will affirm the BIA's decision to deny such a motion unless the decision is capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible approach.[4]  Further, we review the BIA's factual findings under the substantial evidence test, meaning that we may only overturn those findings if the evidence not only supports but compels a contrary conclusion.[5]  And, although we review questions of law *de novo*, we "accord deference to the BIA's

---

[1] *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000); *see Osuchukwu v. INS*, 744 F.2d 1136, 1141 (5th Cir. 1984) ("The standard is whether the [BIA] has acted within the bounds of an abundant discretion granted it by Congress.").

[2] *Ghassan v. INS*, 972 F.2d 631, 638 (5th Cir. 1988).

[3] *INS v. Doherty*, 502 U.S. 314, 323 (1992).

[4] *Singh v. Gonzalez*, 436 F.3d 484, 487 (5th Cir. 2006).

[5] *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

No. 08-60007

interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect."[6]

Under 8 U.S.C. § 1229a(b)(5)(A)[7], an undocumented immigrant who does not attend a deportation hearing after being provided written notice of that hearing "shall be ordered removed *in absentia* if the [government] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." Written notice to an undocumented immigrant "shall be considered sufficient … if it was provided at the most recent address" furnished by the immigrant.[8] The government need not establish that written notice was actually furnished if the undocumented immigrant has failed to provide a current mailing address.[9]

Garoy contends that the BIA erred in upholding the IJ's deportation order, as she never received actual notice of the deportation proceedings. As we have previously explained, however, an undocumented immigrant's "failure to receive actual notice of a removal hearing due to his neglect of his obligation to keep the immigration court apprised of his current mailing address does not mean that [he] 'did not receive notice' under § 1229a(b)(5)(C)(ii)."[10] Here, the record evidence shows that the IJ sent notice of the proceedings via certified mail to the

---

[6] *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

[7] Garoy's deportation proceedings were brought under the Immigration and Nationality Act, which preceded two major legislative acts affecting immigration proceedings — the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) and the REAL ID Act of 2005. For ease of reference, we cite the current codification of the relevant rules.

[8] 8 C.F.R. § 1003.26(d).

[9] 8 U.S.C. § 1129a(b)(5)(A), (B).

[10] *Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009).

only address that Garoy had provided in her release documents.  Garoy has offered no evidence that the Chicago address that she provided to the IJ was in fact her mailing address at the time or that she had not already moved to a different address.  Indeed, Garoy admits that she now resides in Los Angeles but has never provided the immigration court with a change-of-address notification related to her residence there.  Accordingly, we conclude that there is substantial evidence to support the BIA's ruling, *viz.*, that Garoy's failure to receive actual notice of the proceedings does not entitle her to rescission of the deportation order, as her lack of actual notice resulted from her own failure to provide the immigration court with a current or valid address.

For the first time on review, Garoy also contends that the INS failed to prove her deportability by clear, convincing, and unequivocal evidence. Although Garoy did not directly raise this issue before the BIA, she now urges us to conclude that the IJ erroneously relied on an unauthenticated I-213 form stating only that members of Garoy's group had falsely claimed U.S. citizenship. Garoy concedes that she did attempt to enter the country with the group and that at least one of the members of the group had claimed that all of the group members were U.S. citizens, but she maintains that she herself never made such a claim.  Garoy never raised this issue before either the IJ or the BIA, though, and she only briefly referenced it in her affidavit.  Under 8 U.S.C. § 1252(d), we may review a final order of removal by the BIA "only if ... the alien has exhausted all administrative remedies."  As we have explained, "[a]n alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA — either on direct appeal or in

a motion to reopen."[11]  An alien's failure to raise an issue before the BIA "serves as a jurisdictional bar to our consideration of the issue."[12]  As Garoy failed to exhaust her administrative remedies on this issue by not raising it before the BIA, we lack jurisdiction to consider it on review.

We also lack jurisdiction to review Garoy's contention that the BIA failed to consider evidence that she did not understand the immigration court's requirement that she provide written notification of any change to her address. Again, the only time Garoy ever alluded to this issue before either the IJ or the BIA was in a single sentence in her affidavit attached to her original motion to reopen.  She did not reference this issue in either her briefing to the IJ or her terse, two-sentence statement of "Reasons for Appeal" to the BIA.  Garoy did not exhaust her administrative remedies on this issue, and, as a result, we may not consider it on review.

Finally, we agree with the BIA that Garoy is not entitled to reopen the proceedings for an adjustment of status based on her 1997 marriage. As the BIA noted in its holding, such a motion to reopen is generally subject to a 90-day filing deadline.[13]  Garoy's *in absentia* deportation order was entered on April 2, 1993.  The marriage through which she now seeks to apply for adjustment of status did not occur until 1997, long after the 90-day filing deadline had passed. Nevertheless, Garoy also contends that she should not be bound by the filing

---

[11]  *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

[12]  *Id.* at 452.

[13]  8 C.F.R. § 1003.23(b).  Alternatively, the statute also provides that such a motion to reopen will be considered timely if filed "on or before September 30, 1996." *Id.*  Garoy's 2006 motion, however, was clearly filed after the September 1996 deadline.

No. 08-60007

deadline because she seeks both rescission *and* adjustment of status.  But, as discussed above, Garoy's request to reopen for rescission was properly denied, and we perceive no reversible error in the BIA's holding.

### III. CONCLUSION

For the foregoing reasons, Garoy's petition for review is DENIED.