Kirthidhar BAYAVARPU, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 09–60426

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 2010.

Mark Edward Jacobs, Dallas, TX, for Petitioner.

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM: *

Kirthidhar Bayavarpu, a native and citizen of India, petitions this court to review

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's order of removal. The BIA concluded that Bayavarpu, who did not apply for asylum, had not demonstrated eligibility for withholding of removal because Bayavarpu "failed to show a clear probability of future persecution on account of a ground protected under the [Immigration and Nationality] Act."

We review the BIA's legal conclusions de novo "unless a conclusion embodies the [BIA's] interpretation of an ambiguous provision of a statute that it administers; a conclusion of the latter type is entitled to the deference prescribed by *Chevron U.S.A. Inc. v. Natural Resources Defense Council.*[1] *Singh v. Gonzales,* 436 F.3d 484, 487 (5th Cir.2006) (footnotes omitted). "Factual findings are reviewed for substantial evidence, which requires only that the BIA's decisions be supported by record evidence and be substantially reasonable." *Shaikh v. Holder,* 588 F.3d 861, 863 (5th Cir.2009) (internal quotation marks and citations omitted).

"[W]ithholding of removal is a mandatory form of relief if an alien's life or freedom would be threatened in the country of removal because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." *Id.* "An alien must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least *one central reason for persecuting* the applicant." *Id.*

Bayavarpu argues that the BIA erred in concluding that his claimed status as one of the "people targeted by the Naxalites" did not constitute a "particular social group" under the Act. The Naxalites, or People's War Group, is an extremist politi-

cal faction in India. The BIA has defined "particular social group" as a group whose members share "common characteristics that members of the group either cannot change, or should not be required to change because such characteristics are fundamental to their individual identities." *In re Kasinga,* 21 I. & N. Dec. 357, 366 (BIA 1996). The BIA has provided the following factors to consider when determining whether a "particular social group" exists: (1) "whether the group's shared characteristic gives the members the requisite social visibility to make them readily identifiable in society" and (2) "whether the group can be defined with sufficient particularity to delimit its membership." *In re A–M–E & J–G–U–,* 24 I. & N. Dec. 69, 69 (BIA 2007).

" '[A] social group cannot be defined exclusively by the fact that its members have been subjected to harm.' " *Faye v. Holder,* 580 F.3d 37, 41 (1st Cir.2009) (quoting *A–M–E & J–G–U,* 24 I. & N. Dec at 74). Because "people targeted by the Naxalites" is defined wholly by its members having been harmed, it is not a particular social group under the BIA's interpretation of that term. Bayavarpu has not demonstrated that the BIA's interpretation of "particular social group" is unreasonable. Therefore, the conclusion that "people [like himself] targeted by the Naxalites" does not constitute such a group is entitled to deference under *Chevron.*

Bayavarpu also argues that the BIA erred when it failed to address or grant relief based on his assertion that a clear probability of persecution exists on account of his political opinion, *i.e.,* his neutrality. Bayavarpu cites no cases in which this court has adopted the hazardous neu-

---

1. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

trality doctrine, and we do not need to consider that doctrine today. Bayavarpu's case is similar to that of the alien in *INS v. Elias–Zacarias*, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), who sought to avoid joining a guerilla group in his country. Like the record in *Elias–Zacarias*, the record in the instant case is devoid of evidence either of a political motive on Bayavarpu's part, even considering that he previously served as president of the student union at his college, or of a belief by the Naxalites that Bayavarpu held any specific political opinion.

The legal conclusions of the BIA are reasonable and entitled to deference, and the factual conclusions of the BIA are supported by the record and are also reasonable. Accordingly, Bayavarpu's petition for review is DENIED.