**Angel Gabriel LEMUS–HERRERA, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 10–60420**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 23, 2010.

Angel Gabriel Lemus–Herrera, Inglewood, CA, pro se.

---

Joseph Anthony O'Connell, Esq., Tangerlia Cox, Karen Y. Stewart, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Angel Gabriel Lemus–Herrera (Lemus), a native and citizen of El Salvador, was ordered deported *in absentia* by an immigration judge (IJ) when Lemus failed to appear at his scheduled hearing in February 2006. Lemus filed a motion to reopen in July 2009, which the IJ denied. The Board of Immigration Appeals (BIA) affirmed the IJ's decision without opinion. Lemus has timely petitioned for review of the BIA's order.

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir.2005). The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales,* 436 F.3d 484, 487 (5th Cir.2006) (internal quotation marks and citation omitted).

Lemus contends that the *in absentia* deportation order was improperly issued because he did not receive notice of his hearing. He asserts that his failure to receive the notice of his hearing was due to error on the part of immigration officials or the immigration court. Because Lemus failed to present these issues to the BIA they are unexhausted, and we lack jurisdiction to consider them. *See Roy v. Ashcroft,* 389 F.3d 132, 137 (5th Cir.2004) (per curiam); *Wang v. Ashcroft,* 260 F.3d 448, 452–53 (5th Cir.2001).

Noting the summary disposition of his appeal, Lemus argues that the BIA did not sufficiently articulate the reasons for denying relief. The BIA is permitted to affirm, without opinion, a decision of an immigration judge. *See* 8 C.F.R. § 1003.1(e)(4). We have previously determined that the BIA's summary affirmance procedures "do not deprive this court of a basis for judicial review and that the procedures do not violate due process." *Soadjede v. Ashcroft,* 324 F.3d 830, 832–33 (5th Cir.2003) (per curiam). Lemus has failed to show error.

The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.