**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2011

No. 10-60728
Summary Calendar

Lyle W. Cayce
Clerk

ROBERTA CRISTINA BARBOSA-SOUZA; JEAN GABRIEL SOUZA,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 076 680
BIA No. A096 076 681

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roberta Cristina Barbosa-Souza and her son, Jean Gabriel Souza, both natives and citizens of Brazil, petition this court for review of an order from the Board of Immigration Appeals (BIA) denying their motion to reconsider the dismissal of their appeal from the immigration judge's (IJ) denial of their motion to reopen their removal proceedings. They argue that (1) there was no in absentia determination because the IJ deemed their applications for relief to be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60728

abandoned, (2) they rebutted the presumption of effective notice afforded to the mailing of the notices of hearing by regular mail, (3) the lack of effective notice of their removal hearing and their inability to present their applications for relief from removal violated their rights to due process, and (4) the BIA engaged in impermissible fact-finding.  Because they did not exhaust their first and last arguments by raising them before the BIA, we lack jurisdiction to consider them. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

The record and the relevant legal authorities do not support the Souzas' assertion that they rebutted the presumption of effective notice.  Though the IJ erroneously listed the address of the Souzas as being in Newark, NY, the actual address on the Notice to Appear is in Newark, NJ, and the IJ stated that the notice of hearing was mailed to the address on the Notice to Appear.  The BIA likewise noted that the notices had been mailed to the addresses shown on the NTAs. Because all of the relevant documents in the record except for the IJ's erroneous reference show the Souzas' address as being in New Jersey, they have failed to rebut the presumption that they received effective notice. The Souzas have thus failed to show that their rights to due process were violated and have failed to make the requisite showing regarding the BIA's decision.  *See Singh v. Gonzales*, 436 F.3d 484, 487-88 (5th Cir. 2006).

The petition for review is DENIED.