# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2011

Lyle W. Cayce
Clerk

No. 10-60818
Summary Calendar

DICKSON NDUBUISI MENIRU,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 402 198

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dickson Ndubuisi Meniru, a native and citizen of Nigeria, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his motion to reopen. The BIA found that Meniru waived his challenge to his order of deportation based on lack of notice by not raising the issue in his motion to reopen before the IJ. Additionally, the BIA, citing 8 C.F.R. § 1003.2(a), declined to exercise its general authority to reopen proceedings sua sponte, finding that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Meniru had not exercised due diligence in ascertaining the status of his deportation proceedings.

This court reviews the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

Meniru argues that he did not raise his "lack of notice" argument in his motion to reopen before the IJ because, at the time that he filed his motion, he was suffering from memory problems which caused him to erroneously state that he failed to attend the February 1993 immigration hearing because of a family emergency. Meniru contends that, upon reflection and gaining memory, it became clear that he never received notice of the February 1993 hearing.

The BIA generally will not consider evidence and arguments that could have been but were not presented to the IJ. *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 409-10 & n.9 (5th Cir. 2010). Because Meniru indicated in his motion to reopen that, while he received oral notice of the immigration hearing, he was unable to appear due to a family emergency, the BIA did not err in concluding that Meniru waived his opportunity to raise the factual claim that he was erroneously ordered deported in absentia due to lack of notice of the immigration hearing. *See Singh*, 436 F.3d at 487. Accordingly, Meniru's petition for review is denied as to this ground.

Because the authority to reopen an immigration proceeding sua sponte is entirely discretionary, we lack jurisdiction to review a challenge to the BIA's refusal to do so. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2150 (2011); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Meniru's petition for review is DENIED in part and

No. 10-60818

DISMISSED in part for lack of jurisdiction.  His motion for appointment of counsel is DENIED.