# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2011

No. 10-60908
Summary Calendar

Lyle W. Cayce
Clerk

SHAHVAIZ NADEEM,

Petitioner

v.

ERIC H. HOLDER, JR., United States Attorney General,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A099 550 473

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Shahvaiz Nadeem, a native and citizen of Pakistan, petitions for review
of an order of the Board of Immigration Appeals (BIA) denying his second motion
to reopen removal proceedings as time and number barred.  He argues that the
BIA erred in concluding that he was not entitled to an exception based on
changed country conditions.

We review the BIA's denial of a motion to reopen under a "highly
deferential abuse of discretion standard, regardless of the basis of the alien's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Accordingly, we must affirm the BIA's decision if it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005)).

Generally, a party may file only one motion to reopen. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). In addition, motions to reopen must be "filed within 90 days of the date of entry of a final administrative order of removal." § 1229a(c)(7)(C)(i). However, the filing periods are not applicable if the motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii). *See also* § 1003.2(c)(2)(3).

Nadeem has not shown that any changed conditions in Pakistan impact his claim. Although the BIA determined that Nadeem's evidence shows an increase in violence against religious minorities, Nadeem concedes that he is not a Christian or member of any other religious minority. Instead, Nadeem asserts that potential persecutors will impute his mother's Christianity to himself. However, none of the evidence indicates an increase in violence for people similarly situated to Nadeem—Muslims with known Christian family members—or even that his Christian mother has experienced an increase in persecution based on her religious beliefs.

The BIA considered all of the evidence presented, and Nadeem cannot demonstrate that it abused its discretion by making a decision that was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any

perceptible rational approach." *Singh*, 436 F.3d at 487.  Therefore, Nadeem's petition for review is DENIED.