# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60065
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2018

Lyle W. Cayce
Clerk

PATRICIA LORENA TEJADA-JIMENEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 131 373

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Patricia Lorena Tejada-Jimenez, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of an Immigration Judge's (IJ) denial of her motion to reopen removal proceedings and to rescind the in absentia removal order. She contends that she did not receive proper notice of the hearing and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60065

traumatic events surrounding her entry into the United States prevented her from understanding the information in the Notice to Appear (NTA).

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

If an alien fails to appear at a scheduled hearing, and an IJ finds that notice was provided and removability has been established, the IJ must order the alien removed in absentia. 8 U.S.C. § 1229a(b)(5)(A). Such an order may be rescinded in limited circumstances, including if the alien demonstrates through a motion to reopen that he did not receive notice. § 1229a(b)(5)(C)(ii). The alien must be provided written notice of the time and place at which the proceedings will be held, either through service in person or via service through the mail. § 1229(a)(1)(F)(i). However, the NTA need not include the specific date and time of the removal hearing; the date and time of the hearing may be set forth in a subsequent hearing notice. *See Gomez-Palacios*, 560 F.3d at 359. If the alien fails to provide his address, written notice is not required. § 1229(a)(2)(B).

The NTA was personally served on Tejada-Jimenez, and it indicated that she would be required to appear before an IJ at a time and date to be set. The NTA further advised her of the consequences for failing to appear at the hearing and her obligation to inform the immigration court of her address. Tejada-Jimenez signed the NTA and was advised in Spanish of her rights. Under these circumstances, there is no merit to the argument that the NTA

was defective and or that it provides a basis for reopening her proceedings. *See Gomez-Palacios*, 560 F.3d at 359. Additionally, Tejada-Jimenez failed to provide her address to the immigration court, and therefore written notice was not required. *See* § 1229(a)(2)(B); *Gomez-Palacios*, 560 F.3d at 361. As to Tejada-Jimenez's argument that notice was ineffective because of the traumatizing circumstances surrounding her entry into the United States, she fails to show how her traumatic circumstances prevented her from providing an address to the Immigration Court, as was required. *See* § 1229(a)(1)(F); § 1229a(b)(5)(B).

To the extent that Tejada-Jimenez seeks to argue exceptional circumstances as a basis for reopening proceedings, the BIA's rejection of this argument was based upon the untimeliness of the motion to reopen. Tejada-Jimenez fails to discuss the issue of timeliness and thus has failed to address the basis of the BIA's rejection of this claim. She has therefore abandoned any such challenge. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Finally, Tejada-Jimenez contends that her rights to due process and equal protection were violated because she was not provided a Spanish-language copy of the NTA and that, therefore, her motion to reopen should have been granted. She did not present either of these arguments to the BIA. His failure to exhaust these claims before the BIA is a jurisdictional bar to our review of the issues. *See* 8 U.S.C. § 1252(d)(1); *Ramos-Torres v. Holder*, 637 F.3d 544, 547 (5th Cir. 2011).

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.