# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60083
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2018

Lyle W. Cayce
Clerk

MARIA DOLORES MARTINEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 776 982

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Maria Dolores Martinez, a native and citizen of Mexico, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her motion to reopen removal proceedings. She argues that the record does not support the determination that she was statutorily ineligible for cancellation of removal based on her 2011 voluntary departure because the information contained in Form I-826 and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60083

Form I-213 is not reliable.  She contends that the Department of Homeland Security should have presented evidence regarding how the information contained in those forms was obtained.

Martinez failed to exhaust her administrative remedies regarding the reliability of Form I-826 and Form I-213.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 320-22 (5th Cir. 2009).  Accordingly, we lack jurisdiction to consider the claim.  *Omari*, 562 F.3d at 324-25.

The BIA did not abuse its discretion by concluding that the denial of the motion to reopen was proper based on Martinez's failure to comply with the statutory and regulatory requirements for reopening.  *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006); *see also* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.23(b)(3).  Furthermore, Martinez has abandoned any challenge to this determination by failing to brief the issue.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  We do not address the BIA's alternate finding, that the record established that Martinez was properly advised of her right to an immigration hearing before voluntarily departing, in light of the BIA's conclusion that Martinez failed to meet the filing requirements for reopening. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

In light of the foregoing, the petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.