# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60819
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2018

Lyle W. Cayce
Clerk

JOSE ALFREDO MEJIA-URBINA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 175 967

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Mejia-Urbina, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from an immigration judge's denial of his motion to reopen his *in absentia* removal proceeding. He contends the *in absentia* removal order in 2004 was improper because he lacked notice of the hearing.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60819

Denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard". *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision will be upheld "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citing *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006)). Factual findings are reviewed for substantial evidence, meaning they will not be overturned "unless the evidence compels a contrary conclusion". *Id.* (citing *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994)).

Mejia requested reopening his proceedings based on lack of notice. 8 C.F.R. § 1003.23(b)(4)(iii)(D). He asserts the notice of hearing was sent to an incorrect address, resulting in his failure to appear not being his fault. But, as the BIA determined, Mejia was personally served with the notice to appear (NTA). The NTA, which he signed, contains the address to which the hearing notice was mailed; advised Mejia of his obligation to apprise the immigration court of his full mailing address; and advised him of the consequences of his failure to appear at a hearing. He was also advised of this obligation orally in Spanish.

Nonetheless, the record is devoid of evidence that indicates he attempted to notify the immigration court the address contained in the NTA was incorrect. Moreover, as support for his claim of governmental error, he relies only on his counsel's brief to the BIA, in which counsel stated an immigration officer wrote Mejia's address incorrectly. It goes without saying that counsel's unsupported statements are not sufficient. *See INS v. Phinpathya*, 464 U.S. 183, 188–89 n.6 (1984).

In sum, Mejia did not comply with his obligation to keep his address current, and his failure to do so precludes his obtaining relief. *E.g.*, *Gomez-*

No. 16-60819

*Palacios*, 560 F.3d at 360–61 (affirming BIA's denial of appeal from *in absentia* removal when alien failed to comply with obligation to provide current address information).  The BIA's ruling, therefore, was not an abuse of discretion.  *E.g.*, *id.* at 358.

DENIED.