# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2020

Lyle W. Cayce
Clerk

No. 19-60476
Summary Calendar

Jose Alfredo Mejia-Urbina,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 175 967

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Petitioner Jose Alfredo Mejia-Urbina, a native and citizen of El Salvador, seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision will be upheld "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citing *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006)). Factual findings are reviewed for substantial evidence, meaning that they will not be overturned "unless the evidence compels a contrary conclusion." *Id.* (citing *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994)).

As we noted in a prior opinion, Mejia-Urbina was personally served with a notice to appear ("NTA"). *Mejia-Urbina v. Sessions*, 712 F. App'x 469, 469 (5th Cir. 2018) (unpublished). The signed NTA contained the address to which the hearing notice was mailed. *Id.* It also advised Mejia-Urbina of his obligation to notify the immigration court of his full mailing address and advised him of the consequences of failing to appear at a hearing. *Id.* He was orally advised of this obligation in Spanish. *Id.*

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Mejia-Urbina now contends that his NTA did not end his continuous physical presence in the United States because it did not specify the date and time of his removal hearing.  Mejia-Urbina thus argues that the BIA abused its discretion by denying his motion to reopen based on its finding that he was not prima facie eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  He also argues that the BIA abused its discretion by finding his motion untimely without properly analyzing his arguments for equitable tolling.

We need not decide whether the BIA properly held that Mejia-Urbina's motion to reopen was untimely and that he was not entitled to equitable tolling. Even assuming that his motion was timely, the BIA did not

abuse its discretion in denying the motion on the alternative ground that Mejia-Urbina failed to show entitlement to cancellation of removal. *See Yanez-Pena v. Barr*, 952 F.3d 239, 241 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 6, 2020) (No. 19-1208).

Turning to Mejia-Urbina's contention that *Pereira v. Sessions* precludes us from denying his petition, this court held since *Pereira v. Sessions* was decided that a perfected NTA triggers the stop-time rule when an alien receives all required information, whether in one document or more. *Yanez-Pena*, 952 F.3d at 241. Here, the NTA was perfected, and the stop-time rule was triggered, when the immigration court mailed the hearing notice to the address Mejia-Urbina provided. Although a petition for certiorari has been granted by the United States Supreme Court addressing the two step process applied in *Yanez-Pena*, *see Niz-Chavez v. Barr*, 2020 WL 3038288 (U.S. June 8, 2020) (No. 19-863), this court is bound by its precedents unless and until those precedents are altered by a decision of the Supreme Court. *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986). That has not yet happened.

The petition for review is therefore DENIED.