# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-60150
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2023

Lyle W. Cayce
Clerk

Carlos Lema Nogales,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A092 961 344

————————————————————

Before Willett, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:*

Carlos Lema Nogales, a native and citizen of Ecuador, petitions for
review of the decision of the Board of Immigration Appeals (BIA) denying
his motion for reconsideration and motion to reopen.  He filed those motions
seeking to challenge the earlier denial of his claim for deferral of removal
under the Convention Against Torture (CAT).  We have jurisdiction to

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60150

review the BIA's decision. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020).

The BIA's denial of a motion to reopen or a motion for reconsideration is reviewed under "a highly deferential abuse-of-discretion standard." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). We review the BIA's factual findings under the substantial evidence standard. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (internal quotation marks and citation omitted). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). To qualify as "material," the evidence "must be likely to change the result of the alien's underlying claim for relief." *Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019).

The BIA did not abuse its discretion in determining that Lema Nogales failed to demonstrate changed country conditions warranting reopening. The news articles he provided about violence in Ecuadorian prisons were not material to the adverse credibility finding underlying the prior denial of his CAT claim, as the findings of the immigration judge (IJ) regarding his credibility were not related to the issue of prison violence in Ecuador. Additionally, the BIA did not err in determining that the evidence failed to show a change in country conditions that independently made it more likely than not that Lema Nogales would be tortured in Ecuador. His assertion that he will be detained in an Ecuadorian prison is speculative and insufficient to support CAT relief. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *see also Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (BIA 2020).

Lema Nogales also contends that reopening was warranted because he provided new evidence in the form of a 1994 newspaper article that

documented the murder of his ex-wife's father. Substantial evidence supports the BIA's finding that he failed to show that this article was previously unavailable. Furthermore, the BIA did not err in finding that the article failed to significantly rehabilitate Lema Nogales's credibility. Most of the discrepancies noted by the IJ in making the adverse credibility determination were unrelated to the father's murder. Accordingly, the BIA did not abuse its discretion in determining that reopening was not warranted based on the 1994 article. *See Qorane*, 919 F.3d at 912; § 1003.2(c)(1).

The BIA denied Lema Nogales's motion for reconsideration because he failed to show that administrative errors in the BIA's earlier order had any effect on that decision. Lema Nogales does not brief any argument here disputing the BIA's determination. He has thus waived any such argument and has not shown that the BIA abused its discretion in denying his motion for reconsideration. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (recognizing that even pro se litigants must brief arguments in order to maintain them).

The petition for review is DENIED.