# United States Court of Appeals for the Fifth Circuit

————————

No. 21-60818
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2023

Lyle W. Cayce
Clerk

Jose Luis Morales-Cardoso,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A076 596 991

————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Jose Luis Morales-Cardoso, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion for reconsideration. We review the BIA's decision "under a

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60818

highly deferential abuse-of-discretion standard." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

Morales-Cardoso argues that based on *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), a notice to appear (NTA) is defective, and does not convey jurisdiction to an immigration court, if the NTA fails to provide the hearing date and time. He acknowledges that his jurisdictional challenge regarding the NTA is foreclosed under circuit precedent, but he wishes to preserve the issue for further review and contends that this case warrants remand so that the BIA may further consider the effects of *Pereira* and *Niz-Chavez*.

Circuit precedent forecloses his jurisdictional argument. *See Castillo-Gutierrez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022); *Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021). The regulations, rather than 8 U.S.C. § 1229(a), "govern what a notice to appear must contain to constitute a valid charging document." *Maniar*, 998 F.3d at 242 (internal quotation marks and citation omitted). Under the regulations, an NTA "is sufficient to commence proceedings even if it does not include the time, date, or place of the initial hearing." *Id.* (internal quotation marks and citation omitted). Because the BIA did not abuse its discretion in denying on the merits the motion for reconsideration, we need not consider Morales-Cardoso's remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The petition for review is DENIED.