# United States Court of Appeals
## for the Fifth Circuit

———————————

No. 23-60238
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2024

Lyle W. Cayce
Clerk

Maritza Marlene Escalon-Padilla; Cristian Enrique
Pavon-Escalon,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 496 525,
A206 496 526

———————————————————————

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Maritza Marlene Escalon-Padilla and Cristian Enrique Pavon-Escalon, natives and citizens of Honduras, petition for review of the decision of the Board of Immigration Appeals (BIA) denying their motions for reconsideration and reopening.  The BIA's denial of such motions is

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reviewed under "a highly deferential abuse-of-discretion standard." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

The motion for reconsideration pertained to the issue of whether Escalon-Padilla's application for asylum and withholding of removal before the immigration judge (IJ) raised a particular social group that was cognizable. Because the BIA's decision upholding the denial of asylum and withholding of removal relied on the IJ's finding on the separate, dispositive issue of nexus, the BIA did not abuse its discretion in denying the motion for reconsideration on the merits. *See Singh*, 436 F.3d at 487; *see also Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (recognizing that a showing of nexus is required for eligibility for asylum and withholding of removal). Accordingly, we need not consider the petitioners' argument challenging the BIA's alternative ruling that the motion was untimely. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

The petitioners also fail to show an abuse of discretion with regard to the denial of their motion to reopen. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). To qualify as "material," the evidence "must be likely to change the result of the alien's underlying claim for relief." *Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019).

While the petitioners contend that the BIA should have treated their motion to reopen as a motion to remand, our precedent provides that the same standard would apply to a motion for remand. *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1062 (5th Cir. 2020); *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014). Thus, the petitioners have not shown that the BIA abused

its discretion in denying the motion on the ground that the psychological evidence offered was not newly available evidence that could not have been discovered previously. *See Singh*, 436 F.3d at 487.

The petitioners' argument regarding the materiality of the psychological evidence also is unavailing. While the IJ decided not to credit Escalon-Padilla's testimony as it related to the timing of her past relationships and the general chronology of her story, the IJ found that she generally was a credible witness and credited her testimony about the core aspects of her claim. Any rehabilitation of her credibility regarding dates or chronology would not have changed the result on the issue of nexus, which concerns why the alleged persecutors acted rather than when they acted. Thus, the BIA did not abuse its discretion in determining that the petitioners failed to show that the psychological evidence offered would likely change the outcome of the case. *See Singh*, 436 F.3d at 487; *Qorane*, 919 F.3d at 912.

The petition for review is DENIED.