# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 19, 2024

Lyle W. Cayce
Clerk

No. 23-60592
Summary Calendar

Evin Rivera-Rivas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 234 905

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Evin Rivera-Rivas, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion for reopening and reconsideration. His motion sought remand to the immigration judge (IJ) because the IJ's decision denying relief from removal relied on *Matter of A-B-* (*A-B- I*), 27 I. & N. Dec. 316 (A.G. 2018), which was

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

later vacated.  The IJ cited *A-B- I* for the legal standard governing whether the Honduran government was unable or unwilling to protect Rivera from persecution by a private actor.  Rivera maintained remand to the IJ was appropriate to allow the IJ to consider his asylum and withholding-of-removal claims in the first instance without reliance on *A-B- I*.

Review of the BIA's denial of Rivera's motion is under "a highly deferential abuse-of-discretion standard"; and our court will uphold the BIA's decision if it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach".  *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (citation omitted).  The BIA's factual findings are reviewed under the substantial-evidence standard; questions of law, *de novo*. *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021).

Failure to demonstrate the requisite nexus between the alleged persecution and a protected ground is dispositive for asylum and withholding of removal.  *See, e.g.*, *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) ("If an applicant does not carry his burden for asylum, he will not qualify for withholding of removal." (citation omitted)).  The BIA's affirming the IJ's denial of those claims relied on Rivera's failure to establish the requisite nexus, and the BIA stated it would not reach his contention regarding whether the Honduran government was unable or unwilling to protect him.  Accordingly, the statements in *A-B- I* concerning the legal standard for that issue had no impact on the outcome of his claims, and the BIA did not abuse its discretion in denying reconsideration based on the vacatur of *A-B- I*.  *See Singh*, 436 F.3d at 487.

Rivera also asserts the BIA abused its discretion by failing to address his contention that the IJ's findings and the BIA's subsequent affirmance relied on a presumption, stemming from *A-B- I*, that claims premised on

harm by nongovernmental actors generally will not qualify for asylum. He maintains the BIA's decision denying his motion failed to address whether the nexus issue was tainted by the application of this legally erroneous presumption.

The Government contends this contention is unexhausted and should not be considered. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion). Rivera's motion was insufficient to place the BIA on notice of his current contention that the entirety of the decision-making by the IJ and BIA had been tainted by the application of an erroneous legal presumption derived from *A-B- I*. *See Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018) (discussing exhaustion). In the light of the Government's exhaustion objection, we do not consider this assertion. *See, e.g.*, *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023) (refusing to consider unexhausted contention).

DENIED.